# NO. 12-05-00263-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANTHONY WASYLINA,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION ON REMAND*

A jury convicted Anthony Wasylina for criminally negligent homicide. The trial court sentenced Appellant to confinement for two years, probated for five years. We reversed and remanded for a new trial holding that the State was not entitled to the submission of a lesser included offense because there was no evidence that Appellant was guilty of only criminally negligent homicide. *See **Wasylina v. State***, No. 12-05-00263-CR, 2009 WL 692603, at *5 (Tex. App.–Tyler, March 18, 2009). The State filed a petition for review. On January 27, 2010, by per curiam opinion, the court of criminal appeals granted the State's petition for review. *See **Wasylina v. State***, No. PD-737-09, 2010 WL 343514, at *1 (Tex. Crim. App. Jan. 27, 2010). In its opinion, the court noted that we did not have the benefit of its opinion in ***Grey v. State***, 298 S.W.3d 644, 651 (Tex. Crim. App. 2009) when we issued our opinion of March 18, 2009. *See **Wasylina***, 2010 WL 343514, at *1. Consequently, the court vacated our judgment and remanded the cause to us for further consideration in light of its opinion in ***Grey***. *See **Wasylina***, 2010 WL 343514, at *1. We affirm.

## BACKGROUND

The facts of the case at hand are well known to the parties. As such, we will not recount them here.[1]

---

[1] A full recitation of the facts appears in ***Wasylina***, 2009 WL 692603, at *5.

## STATE'S REQUEST FOR LESSER INCLUDED OFFENSE

In his sole issue, Appellant argues that the trial court erred in submitting the lesser included offense of criminally negligent homicide because the evidence does not support that he acted with criminal negligence.

An offense is a lesser included offense if (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission; (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or (4) it consists of an attempt to commit the offense charged or an otherwise included offense. TEX. CODE CRIM. PROC. ANN. art. 37.09 (Vernon 2006); *see also **Hall v. State***, 225 S.W.3d 524, 527 (Tex. Crim. App. 2007). Furthermore, a charge on a lesser included offense should be given only when there is some evidence that would permit a rational jury to find that the defendant is guilty of the lesser offense but not guilty of the greater. *See **Salinas v. State***, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); ***Rousseau v. State***, 855 S.W.2d 666, 672–73 (Tex. Crim. App. 1993). Appellant concedes that criminally negligent homicide is a lesser included offense of manslaughter. *See **Stadt v. State***, 182 S.W.3d 360, 364 (Tex. Crim. App. 2005).

In ***Grey v. State***, the court of criminal appeals overruled ***Arevalo v. State***, 943 S.W.2d 887 (Tex. Crim. App. 1997), thereby abrogating the common law rule that the state, in order to support its request for the submission of a lesser included offense in the court's charge, must meet the "guilty only" prong of the ***Rousseau*** test. *See **Grey***, 298 S.W.3d at 651. Consequently, because Appellant concedes that criminally negligent homicide is a lesser included offense of manslaughter, we hold that the trial court properly granted the State's request for the submission of that lesser included offense in its charge. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered February 26, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)