NO









NO. 12-05-00263-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

ANTHONY WASYLINA,

APPELLANT                                                     '     APPEAL
FROM THE 3RD

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,                                 '     ANDERSON
COUNTY, TEXAS

APPELLEE

 





                                         MEMORANDUM
OPINION ON REMAND

            A
jury convicted Anthony Wasylina for criminally negligent homicide.  The trial
court sentenced Appellant to confinement for two years, probated for five
years.  We reversed and remanded for a new trial holding that the State was not
entitled to the submission of a lesser included offense because there was no
evidence that Appellant was guilty of only criminally negligent homicide.  See
Wasylina v. State, No. 12-05-00263-CR, 2009 WL 692603, at *5 (Tex.
App.–Tyler, March 18, 2009).  The State filed a petition for review.  On
January 27, 2010, by per curiam opinion, the court of criminal appeals granted
the State’s petition for review.  See Wasylina v. State, No.
PD-737-09, 2010 WL 343514, at *1 (Tex. Crim. App. Jan. 27, 2010).  In its
opinion, the court noted that we did not have the benefit of its opinion in Grey
v. State, 298 S.W.3d 644, 651 (Tex. Crim. App. 2009) when
we issued our opinion of March 18, 2009.  See Wasylina, 2010 WL
343514, at *1.  Consequently, the court vacated our judgment and remanded the
cause to us for further consideration in light of its opinion in Grey. 
See Wasylina, 2010 WL 343514, at *1.  We affirm.

 

Background

            The
facts of the case at hand are well known to the parties.  As such, we will not
recount them here.[1]  

 

 

State’s Request for Lesser Included Offense

            In
his sole issue, Appellant argues that the trial court erred in submitting the
lesser included offense of criminally negligent homicide because the evidence
does not support that he acted with criminal negligence. 

            An
offense is a lesser included offense if (1) it is established by proof of the
same or less than all the facts required to establish the commission of the
offense charged; (2) it differs from the offense charged only in the respect
that a less serious injury or risk of injury to the same person, property, or
public interest suffices to establish its commission; (3) it differs from the
offense charged only in the respect that a less culpable mental state suffices
to establish its commission; or (4) it consists of an attempt to commit the
offense charged or an otherwise included offense.  Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 2006); see
also Hall v. State, 225 S.W.3d 524, 527 (Tex. Crim. App.
2007).  Furthermore, a charge on a lesser included offense should be given only
when there is some evidence that would permit a rational jury to find that the
defendant is guilty of the lesser offense but not guilty of the greater.  See
Salinas v. State, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); Rousseau
v. State, 855 S.W.2d 666, 672–73 (Tex. Crim. App. 1993).  Appellant
concedes that criminally negligent homicide is a lesser included offense of
manslaughter.  See Stadt v. State, 182 S.W.3d 360, 364
(Tex. Crim. App. 2005).   

            In Grey
v. State, the court of criminal appeals overruled Arevalo v.
State, 943 S.W.2d 887 (Tex. Crim. App. 1997), thereby abrogating the
common law rule that the state, in order to support its request for the
submission of a lesser included offense in the court’s charge, must meet the
“guilty only” prong of the Rousseau test.  See Grey,
298 S.W.3d at 651.  Consequently, because Appellant concedes that criminally
negligent homicide is a lesser included offense of manslaughter, we hold that
the trial court properly granted the State’s request for the submission of that
lesser included offense in its charge.  Appellant’s sole issue is overruled.

 

Disposition

            Having
overruled Appellant’s sole issue, we affirm the trial court’s
judgment.

                                                                                                    
JAMES T. WORTHEN    

                                                                                                                
Chief Justice

Opinion delivered February 26, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

(DO NOT PUBLISH)









[1] A full recitation of the facts
appears in Wasylina, 2009 WL 692603, at *5.