No. 22034.

ROBERT HAMMOND *v.* THE PEOPLE OF THE STATE OF COLORADO.
(423 P.2d 331)

Decided February 6, 1967.

TERRANCE L. FARINA, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JAMES W. CREAMER, JR., Assistant, for defendant in error.

*In Department.*

PER CURIAM.

ROBERT HAMMOND, defendant in the trial court, was charged under C.R.S. '53, 40-2-25 with what is commonly referred to as statutory rape, and, under C.R.S. '53, 40-2-34, with assault to commit rape. Following trial, he was convicted by a jury of the first charge and on April 7, 1965, was sentenced to a term of 12 to 30 years in the penitentiary.

The People's evidence was that Hammond had threatened the prosecutrix with a shotgun and with a knife and had chased her both on foot and in his car prior to the rape. The victim testified to actual forced intercourse. The defendant, however, denied such testimony and asserted that the intimacy did not go that far. At the close of the evidence, the court ruled that the assault to commit rape charge should be stricken because "the only question being as to whether or not there was in fact sexual intercourse amounting to statutory rape." The jury, as a result, was not instructed on the issue of assault to commit rape. Hammond, at that time, neither objected to striking the charge nor did he request an instruction to the jury on the question of assault to commit rape. His motion for a new trial, however, asserted as error that:

(1) The evidence was insufficient to prove defendant guilty of the first count beyond a reasonable doubt;

534

(2) That it was error to withdraw the second count from the jury; and,

(3) That it was error to sustain an objection to a certain question that is not material here.

Defendant now asserts as error the failure of the court to instruct the jury on assault to commit rape.

We find no merit in any of Hammond's asserted errors. His theory of the case at the trial was that neither an assault to commit rape nor an actual rape occurred. He, in effect, gambled on all or nothing and lost and cannot now be heard to complain.

This was a case of disputed evidence. Here all the evidence admitted was proper to prove the rape. The fact is the jury believed the prosecutrix and not the defendant.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE SUTTON, MR. JUSTICE DAY, and MR. JUSTICE KELLEY concur.