Steven **GREY**, Appellant,

v.

**The STATE of Texas.**

No. PD–0137–09.

Court of Criminal Appeals of Texas.

Nov. 18, 2009.

Scot R. Courtney, San Marcos, for appellant.

Lisa McMinn, First Asst. State's Atty., Jeffrey L. VanHorn, State's Attorney, Austin, for state.

KELLER, P.J., delivered the opinion of the Court in which MEYERS, KEASLER, HERVEY and COCHRAN, JJ., joined.

 In the *Royster–Rousseau* line of cases, we established a two-pronged test for determining when a trial judge should submit to the jury a lesser-included offense that is requested by the defendant.[1] Under the second prong of the test, "some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense."[2] In *Arevalo v. State*,[3] this Court held that the second prong applies equally to the submission of lesser-included offenses that are requested by the State. We granted review in this case to determine the following ground presented by the State: "*Arevalo v. State* should be overruled." Agreeing with the State, we overrule *Arevalo* and hold that the State is not bound by the second prong of the *Royster–Rousseau* test.

---

1. *See Royster v. State,* 622 S.W.2d 442 (Tex.Crim.App.1981)(plurality op.); *Rousseau v. State,* 855 S.W.2d 666 (Tex.Crim.App.1993).

2. *Rousseau,* 855 S.W.2d at 673.

3. 943 S.W.2d 887 (Tex.Crim.App.1997).

## I. BACKGROUND

Appellant was indicted for aggravated assault by causing bodily injury and using a deadly weapon. The alleged deadly weapon was appellant's hand, used to strangle the victim. In addition to instructions about the indicted offense, the jury charge contained an instruction on the lesser-included offense of simple assault by causing bodily injury. The jury charge was prepared by the prosecutor's office, and one of the prosecutors stated on the record that she had no objection to it and thought it was sufficient. But defense counsel objected to the lesser-included-offense instruction.[4] The jury found appellant guilty of the lesser-included offense of simple assault.

On appeal, appellant claimed that the submission of the lesser-included offense was error. The court of appeals agreed and reversed the conviction.[5]

## II. ANALYSIS

### A. Rules for Overruling Precedent

■ Though it is "[o]ften better to be consistent than right,"[6] precedent may be overruled "if the reasons for doing so are weighty enough."[7] Factors that support the overruling of precedent include:

(1) that the original rule or decision was flawed from the outset,

(2) that the rule's application produces inconsistent results,

(3) that the rule conflicts with other precedent, especially when the other precedent is newer and more soundly reasoned,

(4) that the rule regularly produces results that are unjust, that are unanticipated by the principle underlying the rule, or that place unnecessary burdens on the system, and

(5) that the reasons that support the rule have been undercut with the passage of time.[8]

### B. The Remedy in *Arevalo*

■ One obvious flaw in the rule laid down by *Arevalo* and its progeny, one that produces inconsistent and unjust results in every single case in which the rule is applied, is the remedy. When a lesser-included offense is submitted in violation of *Arevalo*, and the defendant is convicted of that offense, the remedy this Court has imposed is a remand for a new trial on the very same lesser-included offense that the defendant has just claimed should never have been submitted.[9] Such a result is "illogical,"[10] but we fashioned this remedy

---

4. Defense counsel objected as follows: "I would object to the lesser-included offense of misdemeanor assault being included. The reason is because of the strangled. There is no definition. The definition is to cause death. A lesser included is we strike elements or facts in and see if we have another lesser offense. We strike deadly weapon, well, now we have strangled indicating death of a misdemeanor." After the objection was overruled, defense counsel requested an instruction on the lesser-included offense of Class C misdemeanor assault by offensive touching. That request was denied. The State does not raise before us any claim regarding the sufficiency of appellant's trial objection to the lesser-included offense that was submitted.

5. *Grey v. State*, 269 S.W.3d 785 (Tex.App.-Austin 2008).

6. *Malik v. State*, 953 S.W.2d 234, 236 (Tex. Crim.App.1997).

7. *Ex parte Lewis*, 219 S.W.3d 335, 338 (Tex. Crim.App.2007).

8. *Id.*

9. *Hampton v. State*, 165 S.W.3d 691, 694 (Tex.Crim.App.2005).

10. *Hampton v. State*, 109 S.W.3d 437, 442 (Tex.Crim.App.2003)(Keller, P.J., dissenting).

because alternative remedies seemed unavailable or worse. Because a conviction on the lesser offense operates as an acquittal of the greater offense,[11] retrial on the greater offense is not possible.[12] But an outright acquittal of the criminal charge would be absurd where the evidence was in fact legally sufficient to support a conviction for the lesser-included offense.[13]

## C. Source of the Rule in *Arevalo*

### 1. *Constitution?*

So where did the rule in *Arevalo* come from, and what is the legal basis for its existence? *Arevalo's* holding was based upon the "guilty only" requirement that is the second prong of the *Royster–Rousseau* test.[14] In dissents in *Arevalo*, Presiding Judge McCormick and Judge Meyers both suggested that the "guilty only" requirement has constitutional underpinnings, describing when a lesser-included-offense instruction is *required*, but not necessarily describing all the circumstances under which such an instruction is *permitted*.[15] In *Rousseau*, we had clarified the "guilty only" prong (but did not change existing law) by borrowing language from the federal standard, which we observed was stated in the Supreme Court decision of *Hopper v. Evans*[16] and quoted by the Fifth Circuit.[17] *Evans* discussed *Beck v. Alabama*,[18] in which the Supreme Court concluded that a failure in a capital case to submit a lesser-included offense when raised by the evidence violates the constitution because there is an unwarranted risk that "a jury might convict a defendant of a capital offense because it found that the defendant was guilty of a serious [but lesser] crime."[19]

*Evans* also discussed the plurality opinion of *Roberts v. Louisiana*,[20] which addressed a situation "obverse" to the one at issue in *Beck*,[21] and thus analogous to the Court's holding in *Arevalo*. In *Roberts*, a Louisiana statute required the submission in a capital case of lesser-included offenses "even if there was not a scintilla of evidence to support the lesser verdicts."[22] The practice was impermissible because "it invited the jurors to disregard their oaths and convict a defendant of a lesser offense when the evidence warranted a conviction of first-degree murder, inevitably leading to arbitrary results."[23]

---

11. *Green v. United States*, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957); Tex Code Crim. Proc. art. 37.14.

12. *Hampton*, 165 S.W.3d at 694; *see also Hampton*, 109 S.W.3d at 442 (Keller, P.J., dissenting).

13. *Hampton*, 165 S.W.3d at 694.

14. *See Arevalo*, 943 S.W.2d at 888–90.

15. *Arevalo*, 943 S.W.2d at 890–91 (McCormick, P.J., dissenting); *id.* at 892 n. 2, 893 (Meyers, J., dissenting).

16. 456 U.S. 605, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982).

17. *Rousseau*, 855 S.W.2d at 672–73, 673 n. 4; *see Evans*, 456 U.S. at 612, 102 S.Ct. 2049 (quoting the federal rule).

18. 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980).

19. *Evans*, 456 U.S. at 610, 102 S.Ct. 2049 (citing *Beck*, 447 U.S. at 642, 100 S.Ct. 2382)(bracketed material inserted).

20. 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976)(plurality op.).

21. *Evans*, 456 U.S. at 611, 102 S.Ct. 2049.

22. *Evans*, 456 U.S. at 611, 102 S.Ct. 2049 (quoting *Roberts*, 428 U.S. at 334, 96 S.Ct. 3001).

23. *Id.* (citing *Roberts*, 428 U.S. at 335, 96 S.Ct. 3001).

█ *Evans, Beck,* and *Roberts* were all capital cases. The Supreme Court expressly reserved the question of whether the federal constitution can require the submission of a lesser-included offense in a non-capital case,[24] and more recently it has suggested that *Beck's* holding may be limited to cases in which the death penalty was automatic upon conviction for the greater offense.[25] We have assumed that the erroneous failure to submit a lesser-included-offense instruction requested by the defense in a non-capital case constitutes ordinary jury charge error under *Almanza v. State*[26] to be analyzed for some harm when error was preserved.[27] *Almanza's* "some harm" standard applies only to non-constitutional errors,[28] and in any event, we used a *"Beck*-like" rationale to assess harm rather than holding that *Beck* controls the case.[29]

The arguable relevance of *Roberts* to Texas jurisprudence is far more tenuous. The *Roberts* opinion found arbitrariness in the context of a scheme that automatically imposed the death penalty upon conviction for first-degree murder.[30] The submission of lesser-included offenses was the *only* method by which the jury was given the discretion to determine whether a convicted defendant would receive the death penalty, and the Supreme Court held that such a method did not provide sufficient guidance.[31] In *Lesko v. Lehman,* the Third Circuit distinguished *Roberts* on the basis of this factual context and rejected a defendant's claim that constitutional error resulted from the submission of a lesser-included offense that was not raised by the evidence.[32] "[A]ssuming *arguendo* that the trial evidence could not support a voluntary manslaughter verdict, we do not believe that the fact that the court instructed on that offense violates the rationale of *Roberts.*"[33] The submission of the lesser offense did not violate *Roberts* because the death penalty was not mandatory, the jury was permitted to consider the full range of mitigating evidence, there were standards to guide the jury's sentencing discretion, and meaningful appellate review was available.[34]

### 2. *Statute?*

Though the Court's opinion in *Arevalo* cited to articles 37.08 and 37.09,[35] neither statute contains any language that suggests the application of a "guilty only" requirement for determining when a lesser-included offense should be submitted.[36]

---

**24.** *Beck,* 447 U.S. at 638 n. 14, 100 S.Ct. 2382; *see also Howell v. Mississippi,* 543 U.S. 440, 444–45, 125 S.Ct. 856, 160 L.Ed.2d 873 (2005).

**25.** *Howell,* 543 U.S. at 445, 125 S.Ct. 856.

**26.** *Almanza v. State,* 686 S.W.2d 157 (Tex. Crim.1984).

**27.** *Saunders v. State,* 913 S.W.2d 564, 570–72 (Tex.Crim.App.1995).

**28.** *Jimenez v. State,* 32 S.W.3d 233, 237 (Tex. Crim.App.2000).

**29.** *Saunders,* 913 S.W.2d at 571 n. 3.

**30.** *Roberts,* 428 U.S. at 336, 96 S.Ct. 3001.

**31.** *Id.* at 335, 96 S.Ct. 3001.

**32.** 925 F.2d 1527, 1552–53 (3rd Cir.1991).

**33.** *Id.* at 1553.

**34.** *Id.; see also McDougall v. Dixon,* 921 F.2d 518, 531–32 (4th Cir.1990)(distinguishing *Roberts* on the basis that there was evidence upon which a jury could have returned a verdict on the lesser offense and North Carolina did "not have a mandatory death sentence for first degree murder as Louisiana had at the time of *Roberts* ").

**35.** *See id.* at 888 (citing Tex.Code Crim. Proc. arts. 37.08, 37.09).

**36.** Art. 37.08 provides: "In a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense." Art. 37.09 provides:

One could argue that a lesser-included offense does not become "law applicable to the case" under Article 36.14 [37] unless it is raised by the evidence. But such an argument begs the question of what it means for a lesser offense to be "raised by the evidence." The propriety of the "guilty only" requirement appears to be a matter of common law,[38] which will be discussed in more detail below.

### D. The Reasoning Behind the Rule in *Arevalo*

The "guilty only" requirement was originally articulated by this Court in *Daywood v. State.*[39] The only reasoning given for this requirement was that it had to be met to "raise[ ] the issue" of the lesser-included offense.[40] In *Arevalo*, this Court conceded that we had "never stated a rationale for the second prong of the [*Royster–Rousseau* ] test," but we "thought the rationale was obvious." [41] We said that the "guilty only" rule was designed to preserve the integrity of the jury as a factfinder by ensuring that it was instructed on a lesser-included offense "only when that offense

constitutes a valid, rational alternative to the charged offense." [42]

The Court in *Arevalo* then made an inferential leap: It held that this rationale "is as applicable to the State's request for a lesser-included offense as it is to a defendant's request." [43] Why? Because a lesser-included-offense instruction "must not constitute an invitation to the jury to reach an irrational verdict." [44]

■ But the Court did not ask or answer the next obvious question: How does a lesser-included-offense instruction invite a jury to reach an irrational verdict? If the lesser offense is viewed in isolation, a jury's verdict would be rational so long as the lesser offense is included in the charging instrument and supported by legally sufficient evidence.[45] The "guilty-only" prong of the *Royster–Rousseau* test requires, however, that we view the rationality of the lesser offense, not in isolation, but in comparison to the offense described in the charging instrument. But why should we make that comparison? The answer must be that the State is entitled to pursue the charged offense and, therefore, is entitled to receive a response from the jury on

---

An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

**37.** *See* Tex Code Crim. Proc. art. 36.14 ("the judge shall ... deliver to the jury ... a written charge distinctly setting forth the law applicable to the case").

**38.** *See* Tex.Code Crim. Proc. art. 1.27 ("If this Code fails to provide a rule of procedure in any particular state of case which may arise, the rules of the common law shall be applied and govern.").

**39.** 157 Tex.Crim. 266, 269, 248 S.W.2d 479, 481 (Tex.Crim.App.1952).

**40.** *Id.*

**41.** *Arevalo*, 943 S.W.2d at 889 (bracketed material substituted for original).

**42.** *Id.*

**43.** *Id.* at 889–90.

**44.** *Id.* at 890.

**45.** *See Wasylina v. State*, 275 S.W.3d 908, 909–10 (Tex.Crim.App.2009).

whether the defendant is guilty of the charged offense. Is the defendant similarly entitled to a response from the jury on the charged offense? The answer to that question is clearly no. It is the State, not the defendant, that chooses what offense is to be charged. In fact, the State can abandon an element of the charged offense without prior notice and proceed to prosecute a lesser-included offense.[46] If the State can abandon the charged offense in favor of a lesser-included offense, there is no logical reason why the State could not abandon its unqualified pursuit of the charged offense in favor of a qualified pursuit that includes the prosecution of a lesser-included offense in the alternative.

## E. The Consequences of the Rule in *Arevalo*

We have already addressed one detrimental consequence of the rule in *Arevalo:* the remedy for the supposed error is illogical. Another detrimental consequence is that the prosecutor may be faced with a situation in which any decision he makes carries a high risk of error. If the prosecutor requests a lesser-included offense, he may run the risk of a reversal under *Arevalo.* But if the prosecutor fails to request a lesser-included offense, he may also run the risk of an outright acquittal by a jury

or an acquittal for legal insufficiency on appeal.[47]

The present case is illustrative. To convict appellant of aggravated assault in this case, the State had to prove that he used or exhibited a deadly weapon.[48] The alleged deadly weapon in this case was appellant's hand. The court of appeals held that the evidence in this case does not show that the defendant was guilty only of a simple assault because the evidence shows only that the defendant's hand was a deadly weapon.[49] But it is easy to see how a jury might not be willing to find that a person's hand is a deadly weapon, despite all the evidence in favor of that proposition. And at the time of trial, the State might have legitimately perceived the possibility (though unlikely) that an appellate court would decide that the evidence was legally insufficient to prove the deadly weapon element.

*Arevalo's* application is not limited to cases in which the prosecutor is uncertain how a jury or an appellate court will view the strength of the State's case.[50] There can be a legitimate dispute about the meaning of the language of the aggravating element that distinguishes the charged offense from the lesser-included offense,[51] or the possibility could exist that

---

**46.** *Eastep v. State*, 941 S.W.2d 130, 134 (Tex. Crim.App.1997).

**47.** *See Collier v. State*, 999 S.W.2d 779, 790 (Tex.Crim.App.1999)(Keller, J., dissenting); *id.* at 794 (McCormick, P.J., dissenting on motion for rehearing); *Haynes v. State*, 273 S.W.3d 183 (Tex.Crim.App.2008)(reformation to lesser-included offense not permitted when the lesser-included offense is not submitted and the prosecutor failed to request its submission).

**48.** *See* Tex. Pen.Code § 22.02(a)(2).

**49.** *Grey*, 269 S.W.3d at 788–89.

**50.** For an example of a dispute about the strength of the State's case, *see Laster v. State*,

275 S.W.3d 512, 523–24 (Tex.Crim.App. 2009), and *id.* at 528–33 (Cochran, J., dissenting). Judge Cochran noted that, if her view were correct, the conviction could be reformed to reflect a lesser included offense that was submitted to the jury, with a remand for resentencing. *Id.* at 533, 533 n. 40 (Cochran, J., dissenting).

**51.** *See Lomax v. State*, 233 S.W.3d 302 (Tex.Crim.App.2007)(felony DWI can be an underlying offense for felony murder) and *id.* at 311 n. 31 (because lesser offense of felony DWI was submitted, judgment could have been reformed to lesser offense if felony murder conviction had been set aside); *Haynes v. State*, 254 S.W.3d 466, 469–70 (Tex.App.-

the aggravating element renders the charged offense unconstitutional.[52] And with respect to disputes about the meaning of statutory language, appellate interpretations of statutes are not always foreseeable and can even involve the overruling of precedent.[53]

The cautious approach for the prosecutor to take would be—or at least should be—to request the lesser-included offense. Allowing submission of lesser offenses when requested by the prosecutor would serve at least two important interests. First, society has an interest in convicting and punishing people who are guilty of crimes. When, in the prosecutor's judgment, submission of the lesser-included offense will enhance the prospects of securing an appropriate criminal conviction for a defendant who is in fact guilty, society's interests are best served by allowing the submission. Second, the prosecutor has "the primary duty ... not to convict, but to see that justice is done." [54] Even if the prosecutor believes in a given case that he will secure a conviction on the charged offense if the only alternative is acquittal, he might also believe that the jury should be given the option to decide whether a conviction on the lesser offense is more appropriate.

Of course, the prosecutor could simply abandon the charged offense in favor of the lesser-included offense.[55] But doing so would reflect not caution but capitulation.

If the prosecutor believes the evidence for the charged offense is strong but also believes that the jury ought to be able to consider the lesser-included offense, then abandoning the charged offense as a remedy for the dilemma created by *Arevalo* would be overkill. And the decision on whether to abandon the charged offense would itself pose a dilemma because the prosecutor would not want to effectuate an abandonment unnecessarily.

## F. Conclusion

The common-law rule established in *Arevalo* is based on flawed premises, places undue burdens on the prosecutor, and results in an illogical remedy. Consequently, we overrule *Arevalo.*

The judgment of the court of appeals is reversed, and the case is remanded to address appellant's remaining points of error.

HERVEY, J., filed a concurring opinion in which MEYERS, and KEASLER, JJ., joined.

COCHRAN, J., filed a concurring opinion.

JOHNSON, J., concurred. PRICE, WOMACK, and HOLCOMB, JJ., dissented.

Houston [1st Dist.] 2007)(rejecting State's contention that the definition of "household" in Tex Fam.Code § 71.006 applies to prosecutions under Tex. Penal Code § 22.01(b)(2)) and *Haynes,* 273 S.W.3d at 185, *passim* (lesser-included offense of assault was not submitted, so no reformation possible).

52. *See Long v. State,* 931 S.W.2d 285, 294 (Tex.Crim.App.1996)(element distinguishing stalking from lesser offense rendered stalking offense unconstitutional).

53. *See Roberts v. State,* 273 S.W.3d 322, 330–31, 332 (Tex.Crim.App.2008)(overruling holding in *Norris v. State,* 902 S.W.2d 428 (Tex. Crim.App.1995), regarding the proper use of transferred intent and reforming judgment to reflect conviction for lesser-included offense of murder and remanding for resentencing).

54. Tex.Code Crim Proc. art. 2.01; *Haynes,* 273 S.W.3d at 191 (Johnson, J., concurring).

55. *See Eastep,* cited above.

HERVEY, J., concurring in which MEYERS and KEASLER, JJ., joined.

I agree that we should overrule *Arevalo v. State*, 943 S.W.2d 887 (Tex.Cr.App. 1997). I also agree with the dissenters in *Arevalo* that a "trial court has no discretion *to deny* a request for an instruction [on a lesser-included offense] when [the *Royster–Rousseau* ] test is met,[1] but nothing *precludes* a trial court from *submitting* an instruction even when this test is not met, provided the elements of the lesser offense are included within the elements of the charged offense[2] so as to give adequate notice." *See Arevalo*, 943 S.W.2d at 892–94 (Meyers, J., dissenting) (emphasis in original) and at 890–92 (McCormick, P.J., dissenting). With these comments, I join the Court's opinion.

COCHRAN, J., concurring.

I agree that *Arevalo*[1] was wrongly decided, that the four dissenters in *Arevalo* were correct,[2] that the doctrine has proven unworkable, and that it has led to unjust, unanticipated results. I join the majority in overruling it.

But I would go further and provide some guidance to the bench and bar on when a trial court *must* grant a request by either the defense or State for a lesser-included instruction and when it *may* include such an instruction, with or without a request.

The goal of jury instructions is to guide the jury's deliberations in reaching an accurate verdict based upon the facts and the law.[3] The submission of instructions on lesser-included offenses has become a quagmire for trial and appellate courts when it should be a relatively simple affair designed to ensure the integrity of the factfinding process without unduly interfering with the parties' legitimate strategies.[4]

First, the parties and the trial judge must determine if a particular offense is a lesser-included offense of the charged offense. Article 37.08 states, "In a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty

1. This rule for determining when a trial court *must* submit a lesser-included-offense instruction apparently is based on federal due process, at least in death-penalty cases. *See Beck v. Alabama*, 447 U.S. 625, 633–38, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980); *Keeble v. United States*, 412 U.S. 205, 208, 212–13, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973); *Arevalo*, 943 S.W.2d at 890–91 (McCormick, P.J., dissenting) and at 892 n. 1 (Meyers, J., dissenting).

2. *See Hall v. State*, 225 S.W.3d 524 (Tex.Cr. App.2007).

1. *Arevalo v. State*, 943 S.W.2d 887 (Tex.Crim. App.1997).

2. *Id.* at 890–92 (McCormick, P.J., dissenting), and *id.* at 892–94 (Meyers, J., dissenting).

3. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim.App.1996).

4. Courts across the nation have noted the confusion and uncertainty relating to submission of instructions on lesser-included offenses. *See, e.g., State v. Jeffries*, 430 N.W.2d 728, 730 (Iowa 1988) (noting that the lesser-included-offense doctrine is "fraught with confusion because of the doctrine's elusiveness in its definition and application."); *State v. Fike*, 243 Kan. 365, 757 P.2d 724, 725 (1988) ("there are very few areas of the criminal law which have given the appellate courts more difficulty than the problem of lesser offenses"); *State v. Keffer*, 860 P.2d 1118, 1128 (Wyo.1993) ("the uncertainty evolving from various precedents and variable application suggests the necessity for a restatement of the rule. This demand emerges from a need for a clarified rule that can consistently be applied by courts in determining: (1) what is a lesser-included offense; (2) when should a court instruct on it; and (3) when challenged, what is the proper appellate standard of review.").

of any lesser included offense."[5] Second, article 37.09 defines a lesser-included offense.[6] We have recently reiterated our fidelity to the "cognate pleadings" approach toward lesser-included offenses, in which lesser-included offenses are determined from the statutory elements of the offense as modified by the facts alleged within the indictment.[7]

Second, the parties and the trial judge must determine whether there is evidence in the record that supports giving a particular lesser-included instruction to the jury. A defendant is "entitled to"[8] an instruction on a lesser offense if the proof for the offense charged includes the proof necessary to establish the lesser-included offense and there is "some evidence ... in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense."[9] The defendant must point to specific evidence in the record that negates the greater offense and raises the lesser-included offense. As we stated in *Hall*, the defendant may rely on "anything more than a scintilla of evidence" in requesting an instruction, but he is entitled to such an instruction (and the trial judge must include a requested instruction) only when the evidence establishes the lesser-included offense as " 'a valid, rational alternative to the charged offense.' "[10] Thus, if a defendant requests a particular lesser-included instruction and he sets out, on the record, the specific evidence that supports a rational basis for rejecting the greater offense but supporting the lesser offense,[11] the trial judge errs if he refuses to instruct the jury on that lesser offense.[12] Of course, the converse is not true-the trial judge does not err in submitting an instruction on a lesser-included offense even when the defendant does not point to specific evidence raising that lesser offense and negating the greater one. A trial judge *may* submit an instruction on a lesser-included instruction when requested by the defendant (or State) even though he is not required to do so under the *Royster–Rousseau* test.[13] Thus, the trial judge errs only when he refuses to submit an

5. Tex.Code Crim. Proc. art. 37.08.

6. *Id.* art. 37.09.

7. *Hall v. State*, 225 S.W.3d 524, 534–35 (Tex. Crim.App.2007).

8. That is, the trial judge must give a requested instruction.

9. *Bignall v. State*, 887 S.W.2d 21, 23 (Tex. Crim.App.1994) (citing *Rousseau v. State*, 855 S.W.2d 666, 673 (Tex.Crim.App.1993), and *Royster v. State*, 622 S.W.2d 442, 446–47 (Tex. Crim.App.1981) (plurality op. on reh'g)).

10. *Hall*, 225 S.W.3d at 536 (citing *Bignall*, 887 S.W.2d at 23, and quoting *Forest v. State*, 989 S.W.2d 365, 367 (Tex.Crim.App.1999)).

11. *Hampton v. State*, 109 S.W.3d 437, 440–41 (Tex.Crim.App.2003) ("[I]t is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted.").

12. *Flores v. State*, 245 S.W.3d 432, 439 (Tex. Crim.App.2008) (a defendant is entitled to a jury charge on a lesser-included offense if he meets two requirements: (1) he requests an instruction on a lesser-included offense of the charged offense; and (2) there is some evidence that if he is guilty, he is guilty only of the lesser-included offense).

13. *Arevalo*, 943 S.W.2d at 890–92 (McCormick, P.J., dissenting), and *id.* at 892–94 (Meyers, J., dissenting). In overruling our prior decision in *Arevalo*, we should also affirm the reasoning as well as the result in the court of appeals's opinion in *Arevalo*. *See Arevalo v. State*, 918 S.W.2d 46, 50 n. 6 (Tex. App.-Houston [1st Dist.] 1996) ("We note that there is no prohibition against a trial court submitting any lesser included offenses requested by the defendant. *Royster* merely provides that a trial court may not refuse any defense request for a jury instruction on a

instruction when the defendant requests one and points to the specific evidence that negates the greater offense but supports the lesser offense.

The State is equally entitled to an instruction on a lesser-included offense if the prosecutor sets out on the record the specific evidence that he is relying on to support its submission.[14] And again, the trial judge *may* submit such an instruction at the State's request even though he is not required to do so under the *Royster–Rousseau* test.

But sometimes neither the State nor the defense requests an instruction on a lesser-included offense even though the law and the evidence would clearly support one. Each party may invoke an "all or nothing" strategy that permits it to forego instructions on a lesser-included offense, in effect forcing the jury to choose between conviction of the greater offense or outright acquittal.[15]

Under this "gambling" or "party autonomy" rationale,[16] the participants may gamble, but they do so at their own peril. If

---

lesser included offense when the two-prong test is met."), *rev'd*, 943 S.W.2d 887 (Tex. Crim.App.1997).

**14.** *See Keeble v. United States*, 412 U.S. 205, 208, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973) ("Although the lesser included offense doctrine developed at common law to assist the prosecution in cases where the evidence failed to establish some element of the offense originally charged, it is now beyond dispute that the defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater.") (footnote omitted); *Hampton v. State*, 165 S.W.3d 691, 694 (Tex.Crim.App. 2005) (in deciding whether a lesser-included jury instruction is required, the *Royster–Rousseau* two-prong test "applies regardless of whether the instruction is requested by the State or by the defendant."). *See, e.g., State v. Keffer*, 860 P.2d 1118, 1133 (Wyo.1993) (finding that a lesser-included instruction is available in equal measure to the defense and the prosecutor).

**15.** *See generally*, Catherine L. Carpenter, *The All or Nothing Doctrine in Criminal Cases: Independent Trial Strategy or Gamesmanship Gone Awry?*, 26 Amer. J. Crim. L. 257, 258 (Spring 1999); *State v. Whittle*, 156 Ariz. 400, 752 P.2d 489, 492–93 (Ariz.Ct.App.1985) (finding that defendant's all-or-nothing strategy relieved the trial court of the requirement of instructing on lesser-included offense); *State v. Arnold*, 25 Ariz.App. 199, 542 P.2d 37, 38 (1975) (trial court should not be required, *sua sponte*, to instruct on lesser-included offenses because defense strategy may be to secure a complete acquittal). In the capital-

murder setting, however, the trial court must give a lesser-included instruction that allows the jury a non-capital option whenever it is supported by the evidence. *Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980). This "all or nothing" tactic is prohibited by the federal constitution in capital cases, even though a state statute might authorize or even require it. *Id.* at 638, 100 S.Ct. 2382. But the Supreme Court expressly reserved the question of whether "the Due Process Clause would require the giving of such [lesser-included-offense instructions] in a noncapital case." *Id.* at 638 n. 14, 100 S.Ct. 2382. Many lower-court cases have declined to extend the *Beck* reasoning and result beyond the capital context. *See, e.g., United States v. Beckford*, 966 F.Supp. 1415, 1433 (E.D.Va.1997) (declining to extend *Beck* to the crime of murder in furtherance of a continuing criminal enterprise); *Geschwendt v. Ryan*, 967 F.2d 877, 883–84 (3rd Cir.1992) (declining to extend *Beck* to require instruction of "not guilty by reason of insanity").

**16.** *See People v. Barton*, 12 Cal.4th 186, 47 Cal.Rptr.2d 569, 906 P.2d 531, 541 (1995) ("[D]efendant was prepared to roll the dice in a high stakes game of chance, betting that the jury, faced with the choice of convicting him of murder or acquitting him entirely, would find him not guilty."); *State v. Eastman*, 122 Idaho 87, 831 P.2d 555, 560 (1992) ("a defendant might choose to forego an opportunity to be convicted of a lesser included offense in order to roll the dice in the hope that the jury might acquit him/her on the greater charge"); *State v. Boeglin*, 105 N.M. 247, 731 P.2d 943, 948 (1987) (stating that the "defendant is bound by his decision ... to gamble on a

the defense and prosecution do not request an instruction on a lesser-included offense, they have waived their rights to complain on appeal that the judge was required to give one.[17] And, because this "all or nothing" model is a valid trial strategy, defense counsel is not ineffective for declining to request a lesser-included-offense instruction.[18]

On the other hand, the trial judge is not required to play this gambling game. In his discretion he may, with or without request (and even over the parties' objection), include an instruction on a lesser-included offense in the interest of justice and to uphold the integrity of the jury system.[19] He may do so whenever a par-

verdict of acquittal, and the district court did not commit reversible error by instructing the jury as defendant desired"); *Hammond v. People*, 161 Colo. 532, 423 P.2d 331, 332 (1967) (finding that the defendant "in effect gambled on all or nothing and lost and cannot now be heard to complain"); *People v. Gramc*, 271 Ill.App.3d 282, 207 Ill.Dec. 559, 647 N.E.2d 1052, 1054 (1995) ("The defense strategy was in legal jargon 'to roll the dice' ").

17. *Kinnamon v. State*, 791 S.W.2d 84, 96 (Tex.Crim.App.1990) ("Even where a lesser included offense is supported by the evidence, the failure of defense counsel to request a charge on the offense or properly object to its omission constitutes a waiver."), *overruled on other grounds, Cook v. State*, 884 S.W.2d 485, 488–92 (Tex.Crim.App.1994); *see Mohammed v. State*, 127 S.W.3d 163, 169 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd); *Darnes v. State*, 118 S.W.3d 916, 921 (Tex.App.-Amarillo 2003, pet. ref'd); *Paz v. State*, 44 S.W.3d 98, 100 (Tex.App.-Houston [14th Dist.] 2001, pet. dism'd); *Hernandez v. State*, 10 S.W.3d 812, 821 (Tex.App.-Beaumont 2000, pet. ref'd); *see also State v. Pribil*, 224 Neb. 28, 395 N.W.2d 543, 549 (1986) (noting that either the State or the defendant may request a lesser-included-offense instruction when it is supported by the pleadings and the evidence, but, absent such a request, it is not error for the court to fail to give one even though it was warranted); *Look v. Amaral*, 725 F.2d 4, 9 (1st Cir.1984) (state trial court was not constitutionally required to give a lesser-included-offense instruction when defense counsel waived the instruction).

18. *See, e.g., Chao v. State*, 604 A.2d 1351, 1358 (Del.1992) (explaining that the burden to request lesser-included-offense instructions is properly placed on defense counsel, for it is they who determine trial tactics and presumably act in accordance with a formulated strategy); *In re Trombly*, 160 Vt. 215, 627

A.2d 855, 857 (1993) (trial court need not include instruction on lesser-included offense on its own volition if the defendant had not requested it or objected to its omission); *Henderson v. State*, 281 Ark. 406, 664 S.W.2d 451, 453–54 (1984) ("as a matter of trial strategy, competent counsel may elect not to request an instruction on lesser included offenses.... The success or failure of a particular trial strategy is not a measure of an attorney's competence"); *Commonwealth v. Pagan*, 35 Mass.App.Ct. 788, 625 N.E.2d 579, 581 (1994) (counsel was not ineffective in failing to ask for manslaughter instruction); *People v. Romero*, 694 P.2d 1256, 1269 (Colo. 1985) (trial court is not obligated to instruct on a lesser offense "unless either the prosecution or the defense requests such instruction" and "[i]n the absence of a request by the defendant, it may reasonably be assumed that he elected to take his chance on an outright acquittal or conviction of the principal charge rather than to provide the jury with an opportunity to convict on a lesser offense"); *State v. Bartlett*, 177 W.Va. 663, 355 S.E.2d 913, 919 (1987) (where defendant made a strategic choice not to request a lesser-included instruction, he cannot claim that the maneuver denied him a fair trial).

19. *See Humphries v. State*, 615 S.W.2d 737, 738 (Tex.Crim.App.1981) (panel op.) (trial judge may submit lesser-included-offense instruction even over defendant's objection when it is supported by the evidence); *McQueen v. State*, 984 S.W.2d 712, 717 (Tex. App.-Texarkana 1998, no pet.) ("If there is sufficient evidence to support a conviction on a lesser included offense, the trial court is authorized to charge the jury on that offense, even if the defendant does not request the issue and even over the defendant's objection."); *see also People v. Novak*, 163 Ill.2d 93, 205 Ill.Dec. 471, 643 N.E.2d 762, 769 (1994), *abrogated on other grounds by People v. Kolton*, 219 Ill.2d 353, 302 Ill.Dec. 386, 848

ticular view of the evidence would support conviction of the lesser-included offense as a valid, rational alternative to the charged offense.[20] His discretion should be upheld, particularly if he notes, on the record, the specific evidence and inferences that could support acquittal of the greater offense and conviction of the lesser-included offense.

This "trial integrity" view satisfies "the desire to avoid compromise verdicts which are based on sympathy and prejudice balanced by the equally compelling desire to avoid coerced and unwarranted verdicts."[21] Thus, the trial court has considerable discretion to give (or not give) instructions on a lesser-included offense regardless of the parties' desires.[22] He will not err in doing so unless no rational trier of fact could simultaneously reject the greater offense and find the evidence sufficient to support conviction of the lesser offense.

This case is a good example of when the trial judge has great discretion and properly exercises it. Here, the evidence showed that appellant assaulted the victim during an argument in the victim's front

N.E.2d 950 (2006). In *Novak*, the Illinois Supreme Court explained why an instruction on a lesser-included offense serves the interests of the defense, prosecution, and society:

> A lesser included offense is a valuable tool for a defendant, a prosecutor, and society generally. For a defendant, an instruction on a lesser included offense provides an important third option to the jury. If the jury believes that defendant was guilty of something, but uncertain whether the charged offense had been proved, it might convict defendant of the lesser offense, rather than convict or acquit him of the greater offense....
> For a prosecutor, a defendant may not automatically go free if the evidence fails to prove an essential element of the greater offense. For society, the punishment that it imposes on a criminal may conform more accurately to the crime actually committed.

*Id. See, e.g., State v. Watts*, 131 Idaho 782, 963 P.2d 1219, 1221–22 (Idaho Ct.App.1998) (in prosecution for aggravated battery on peace officer, aggravated assault on peace officer, and attempted aggravated assault on peace officer, instruction on lesser included offenses of aggravated battery and aggravated assault was not error, even though neither prosecution nor defendant requested such instruction); *State v. Rodriguez*, 180 Conn. 382, 429 A.2d 919, 931 (1980) (trial court may submit lesser-included offense to the jury even in the absence of a party's request).

**20.** *See Humphries*, 615 S.W.2d at 738; *see also Ford v. State*, 38 S.W.3d 836, 840 (Tex. App.-Houston [14th Dist.] 2001, no pet.) ("the trial court has the duty and responsibility to instruct on the 'law applicable to the case.'

In discharging this duty, the trial court is authorized to *sua sponte* include a charge on a lesser offense; a trial court is not restricted to submitting lesser included offenses only when the defendant has properly requested them. This is true even if the defendant objects to submission of the charge to the jury.") (citations omitted).

**21.** Carpenter, *The All or Nothing Doctrine in Criminal Cases, supra* note 15 at 272; *see also State v. Bartlett*, 177 W.Va. 663, 355 S.E.2d 913, 918–19 (1987) (quoting an earlier case for the proposition that a trial court "may, without request, if it think[s] the interest of justice and a fair trial call for it," instruct the jury on a lesser included offense when supported by the law and evidence, "but it is not bound to do so unless asked; but, if asked to give such proper specific instructions, it must do so.").

**22.** This discretion should be exercised liberally toward the inclusion of instructions on lesser-included offenses to uphold the integrity of the system. As we have noted before,

> If no charge [on the lesser included offense] is given, then the jury has two options which are equally distasteful. The first option is to vote not guilty in a situation where they believe the defendant committed [the lesser offense]. The other option is to vote guilty of [the greater offense], an offense they believe the defendant did not commit.

*Eldred v. State*, 578 S.W.2d 721, 723 (Tex. Crim.App.1979), *overruled in part by Hall v. State*, 225 S.W.3d 524 (Tex.Crim.App.2007).

yard.[23] He put one hand on her throat and choked her while he repeatedly punched her in the eye. She testified that she couldn't breathe, she felt numb, and—for a moment—everything "went black." She did not immediately seek medical attention, but she reported the assault to the police the next morning.

An officer testified that the victim had a bruised and swollen eye and spoke with a raspy voice. He saw a finger- or thumb-print on one side of her neck. The victim told the officer that appellant had also "strangled" her with her necklace, and the officer saw the imprint of a necklace on the victim's neck as well. An EMT who came to the police station also saw ligature marks on the victim's neck, ostensibly caused by the necklace. He characterized the victim's injuries as "significant."

Appellant also testified and admitted that, after the victim began punching him in the face and grabbing him around the neck, he

> reached up and grabbed her neck, applying pressure to her pulse points with my thumb and two foremost fingers. My intention was to make her dizzy so she would be knocked off balance. I began striking her with my right hand in the face in the exact manner she continued to assault me.[24]

From this evidence, a rational trier of fact could infer that appellant used his hand "which in the manner of its use or intended use was capable of causing serious bodily injury or death, by strangling" the victim, exactly as alleged in the aggravated assault indictment. But another rational trier of fact could infer that appellant did *not* use his hand as a deadly weapon: he did not cause death or serious bodily injury; he did not intend to cause death or serious bodily injury; and the manner in which he "choked" or "strangled" the victim with one hand was not likely to cause death or serious bodily injury.

Therefore, the trial judge, in his discretion, included an instruction on the lesser-included offense of simple assault. Appellant objected—he was gambling on "all or nothing"—but he does not have any institutional or due-process "right" to that gamble. The trial judge may, in his discretion, include such an instruction when one view of the evidence would support a finding of the lesser offense while negating the greater one. Of course, had appellant requested an instruction on simple assault, the trial judge was not *required* to include it because there was no affirmative or specific evidence that appellant did not use his hand as a deadly weapon.[25] But the

---

**23.** *Grey v. State*, 269 S.W.3d 785, 786 (Tex. App.-Austin 2008).

**24.** *Id.* at 787.

**25.** For example, there was no testimony from appellant that "I did not use my hand as a deadly weapon," nor did he offer any expert testimony that choking the neck with a single hand is not using that hand as a deadly weapon, nor did any of the State's witnesses admit to that possibility on cross-examination.

The court of appeals relied upon our decision in *Hampton v. State*, 109 S.W.3d 437, 440 (Tex.Crim.App.2003), in rejecting the State's argument "that the jury might have disbelieved crucial evidence regarding appellant's use of his hand as a deadly weapon" as insufficient to support a rational finding that appellant did not use his hand as a deadly weapon. *Grey*, 269 S.W.3d at 788. But *Hampton* explicitly stated,

> We have held that a two-prong test must be met before a jury charge instruction on a lesser-included offense *must* be given: 1) the lesser-included offense must be included within the proof necessary to establish the offense charged; and 2) some evidence must exist in the record that if the defendant is guilty, he is guilty only of the lesser offense.

evidence would support a conviction for simple assault (without the use of a deadly weapon) rather than aggravated assault. Here, the totality of the evidence leads to two plausible conclusions: appellant either did or did not use his hand as a deadly weapon. Either finding is rational. Both views are within the realm of reasonableness. Either finding is supported by sufficient evidence. The jury decided that appellant did not use his hand as a deadly weapon, and, therefore, it convicted him of simple assault. This is not a verdict based on mere sympathy or prejudice; it is based upon one rational view of the totality of the evidence.[26] The trial judge properly preserved the jury's role as the ultimate fact-finder by allowing it to consider the lesser-included offense.

In sum, I agree with the majority in overruling *Arevalo*, and I look forward to the day in which our law on lesser-included-offense jury instructions is simpler and more commonsensical, a day in which trial judges are not left in fear and trembling concerning their decision to include such instructions even though they are not mandated.

---

*Hampton*, 109 S.W.3d at 440 (emphasis added). And that is true. That is the test for when the trial judge is *required* to include an instruction on a lesser-included offense. In *Hampton*, we cited to *Arevalo*, which had, in effect, held that a trial judge *may* give a lesser-included offense instruction only when he *must* do so. That is precisely where we went wrong in *Arevalo*, and that is why we properly reject it now.

26. A trial judge errs by including instructions on a lesser-included offense when no rational

view of that evidence would support a verdict on the lesser-included, thus providing an avenue for a "compromise" verdict that is based solely on sympathy and prejudice. *See People v. Boettcher*, 69 N.Y.2d 174, 513 N.Y.S.2d 83, 505 N.E.2d 594, 597–98 (1987) (noting that "it is the duty of the jury not to reach compromise verdicts based on sympathy for the defendant or to appease holdouts, but to render a just verdict by applying the facts it finds to the law it is charged.").