Affirmed and Memorandum Opinion filed June 10, 2010.

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00915-CR

___________________

 

Santiago Meliton Olivares, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 337th District Court

Harris County,
Texas



Trial Court Cause No. 1174911

 



 

 

MEMORANDUM OPINION

            A jury convicted appellant of aggravated assault with
a deadly weapon.  The trial court sentenced appellant to confinement for fifty
(50) years in the Texas Department of Criminal Justice, Institutional
Division.  Appellant filed a timely notice of appeal.

            In
his sole issue on appeal, appellant claims the trial court erred in including
the lesser-included offense of aggravated assault in the jury charge. 
Appellant was indicted with the offense of aggravated robbery.  The State
requested, and received, an instruction on the offense of aggravated assault. 
The jury convicted appellant of the lesser offense.

The Texas Court of
Criminal Appeals established a two-pronged test for determining when a jury
instruction on a lesser-included offense that is requested by the defendant
should be given.  See Royster v. State, 622 S.W.2d 442 (Tex. Crim. App.
1981); and Rousseau v. State, 855 S.W.2d 666 (Tex. Crim. App. 1993).  The
first prong is satisfied when the lesser-included offense is included within
the proof necessary to establish the offense charged.  See Rousseau, 855
S.W.2d at 673.  Appellant does not dispute that aggravated assault is a
lesser-included offense of aggravated robbery and therefore does not challenge
the first prong.  

The second prong
requires there to be some evidence that if the defendant is guilty, he is
guilty only of the lesser offense.  Id.  Appellant claims there
was no evidence that would permit a rational jury to find he was guilty only
of the lesser offense.  Initially, the Texas Court of Criminal Appeals held
this prong applied equally to the submission of a lesser-included offense
instruction that was requested by the State.  See Arevalo v. State, 943
S.W.2d 887 (Tex. Crim. App. 1997).  But as the State correctly points out, the Court
recently determined such evidence is not required when the State requests an
instruction on a lesser-included offense.  See Grey v. State, 298 S.W.3d
644, 645 (Tex. Crim. App. 2009).  Because the State is not bound by the second
prong of the Royster-Rousseau test, appellant’s issue is overruled.  Id. 


The judgment of the
trial court is affirmed.

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices
Brown, Sullivan, and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).