Michael Sadler
2661 Fm 2054
Tennessee Colony, Texas

September 2, 2015

Re: WR-75,812-04/CR14104-C-BCCR

Mr. Acosta,

Enclosed please find Applicant's objections pertaining to the Findings of Fact,Conclusions of Law,and Recommendation that was submitted by Justice Jan Pattterson on July 24, 2015, via, the 220th District Court.

These objections are imperative to my case and I ask that you supplement them into the record. I truly appreciate your assistance in this matter.


Sincerely,

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 10 2015

Abel Acosta, Clerk

cc:file
   220th Dist. Clerk

CAUSE NUMBER:<u>CR14104-C-BCCR</u>

| | | |
|---|---|---|
| EX PARTE | § | IN THE COURT OF |
| | § | CRIMINAL APPEALS |
| MICHAEL SHAWN SADLER | § | SITTING AT AUSTIN |

<u>APPLICANT'S OBJECTIONS TO THE TRIAL</u>
<u>COURTS FINDINGS OF FACT,CONCLUSIONS</u>
<u>OF LAW AND RECCOMENDATION</u>

TO THE HONORABLE JUSTICE'S OF THE COURT OF CRIMINAL APPEALS:

Applicant request this Court deny the Findings of Fact, and Conclusions of Law submitted by Justice Patterson, who has Presided over Ex Parte Sadler, and grant him the relief he may be entitled to.

**INTRODUCTION:**

Applicant, Michael Shawn Sadler, Objects to the Trail Courts Findings of Fact and Conclusions of Law in multiple grounds discussed by Justice Patterson, whose findings coincide with the State's. Patterson's findings have revealed her attempt to justify the actions of both, Applicant's trial,and appellate counsel,which clearly constitutes a high degree of biased. Applicant request this Honorable Court to examine the facts of the evidentiary hearing,and all other pleadings before rendering a decision.

**PROCEDURAL HISTORY:**

On January 14, 2015, Applicant filed his writ of habeas corpus attacking his conviction for the offense of murder. On

<u>EX PARTE SADLER-OBJECTIONS</u>                                    PAGE,1

March 17, 2015, Justice Jan P. Patterson signed an Order asking that relief be denied;citing no previously unresolved issues. On April 15, 2015, this Honorable Court remanded Applicant's writ back to the trial court for further findings. After a brief meeting held on May 11, 2015, between Justice Patterson, the State, and newly appointed counsel E.Alan Bennett, both Troy Walker and Walter Reaves Jr. were ordered to submit affidavits in reference to Applicant's allegations by June 8, 2015;with a possible hearing set for June 29, 2015. After reviewing the affidavits by both attorney's,Applicant filed a Motion For Live Evidentiary Hearing, which was conducted in the 220th District Courthouse on June 29, 2015 in Bosque County, Texas.

## FACTS:

The Honorable Justice Jan P. Patterson presided over Applicant's hearing held on June 29, 2015; Justice Patterson is a visiting Judge and did not preside over Applicant's trial in 2007. Applicant met with his appointed counsel, Mr. E.Alan Bennett, minutes before the hearing was set to commence. Mr. Bennett informed Applicant that the hearing was being held to address two issues outside the record,which were grounds two and ten. Mr.Bennett then retreated to the Judges chamber where he,Justice Patterson and the District Attorney all watch a video of the decedent, which is the subject of complaint in ground six of Applicant's writ.

## OBJECTIONS:

## GROUND ONE: JURY CHARGE ERROR-EGREGIOUS HARM

* The Trial Court's findings of fact, conclusions of law and recommendation are in error. Applicant was entitled to a lesser-included offense instruction of manslaughter or criminally negligent homicide.

* The indictment alleged,and the State's theory was, that Applicant, with intent to commit serious bodily injury, committed an act clearly dangerous to human life that caused the death of Luis Castillo, by "beating."

* Applicant testified to the altercation which possibly caused the serious bodily injury(herniated disk) to Castillo, which resulted in his death.

* This altercation was witnessed by others, three of which testified to the event.

* Luis Castillo,the decedent,told Nurse Wilcox that[Applicant] "stopped him at the door and told him that he could not go in. Then hit him in the mouth,then got him by the arm and slung him and he doesn't remember if he hit a pole or tree."

* The State's medical expert testified that Castillo's injury's were consistant with being thrown or falling from a height.

* The State conceeded that the evidence introduced at trial evidenced the altercation at the door when he stated: [Castillo] "had the courage to tell. He told Rachel. He told Larry. He told Nurse Wilcox...he hit me in the face then slammed me into something...and that's what the evidence is."

* Manslaughter and Criminally Negligant Homicide are lesser-included offenses of murder under §19.02(b)(2).

* There was a significant amount of evidence from which a rational jury could have acquit the Applicant of the charge of murder, and found him guilty of one of the requested lesser charges.

* Trial counsel objected to the charge and requested the Court include the lesser offenses.

* The harm in denying the request was egrigious;the Court was required to force the jury into a verdict by submitting an "Allan Charge."

\*     Reversal is warranted.

GROUND TWO: INEFFECTIVE ASSISTANCE DURING PLEA PROCESS

\*     **The Trial Court's findings of fact, conclusions of law and recommendation are in error. Applicant was clearly misadvised during a critical stage of the proceedings, which led to his refusal of the State's offer,and he has clearly indicated that he would have accepted the offer if properly advised.**

\*     Applicant presented testimony during the hearing held on June 29, 2015,where he was asked by his attorney,"would you have accepted the offer if you knew it was non-aggravated?";to which Applicant responded, "ABSOLUTELY I would have. Neither me,my family or my attorney believed we could secure a fair trial in this county. We even filed several change of venue motions. So yes, I would have."

\*     Mr. Walker testified that he doesn't really remember,but his general practice is to inform clients of the non-aggravated time requirements,unless they are facing a charge that would require them to serve half their time.

\*     Mr. Walker did not testify to, or allege in his affidavit that he informed Applicant of non-aggravated time requirements,but did testify that he believed the State's offer to be "aggravated" because it was a reduced charge from murder.

\*     Justice Patterson has attempted to justify Mr. Walker's ineffectiveness on several occasions.

\*     Mr. Walker's failure to correctly advise Applicant that manslaughter was NOT an aggravated offense under the facts of his case, cannot be justified now, simply because Mr. Walker also informed Applicant that he may have to do the entire sentence.

\*     Justice Patterson has neglected to address the truth of the matter;Mr. Walker informed Applicant that the State's of twenty years is aggravated and will require Applicant to serve a minimum of ten years before the possibility of parole. However, Applicant would not have to serve ten years,and would be eligible for release after approx. two years.

\*

Applicant's fourth objection pertains to Ground Two,and the unbelievably inaccurate findings relating to Applicant's testimony concerning the plea offer.

4) The "Trial Court" made a finding that Applicant testified at the hearing that he "would have only considered" the plea offer had Mr. Walker advised him that manslaughter was not an aggravated offense under Art. 42.12§3g;and that Applicant made no statement that there is a reasonable probability he would have accepted the State's plea offer if he received different legal advice;that Applicant insisted he was innocent so Walker did not believe he would plead; and that there is no credible evidence that Applicant rejected the plea due to bad legal advice,or that he would have accepted it if correctly advised.(Pg.4 sec.IV,#15)

* Justice Patterson's findings here are UNTRUE and outrageously inaccurate. Applicant has clearly expressed the fact that he would have accepted the State's plea offer had he been correctly advised about the "time requirements";and only rejected it because he believed it to be aggravated,which would require him to serve ten years minimum.

* Applicant did present testimony during the hearing. He was asked by his lawyer if he would have accepted the plea offer had he known it was non-aggravated,to which he responded, "ABSOLUTELY I would have. Neither me,my family or my lawyer believed we could secure a fair trial in this county. Even filed some change of venue motions. So yes, I would have."

* Justice Patterson's claim that Applicant only said he'd "consider" it is inaccurate. Applicant has been denied the record upon his request,but is assured that his true statement can be verified once reviewed.

* Applicant has also stated in his initial writ that he would have accepted the State's offer for manslaughter if he'd been properly advised that it was NOT an aggravated offense and sentence;allowing him the possibility to be released in a little over two years.(WR-75,812-04 pg.9)

* Justice Patterson's claim that Applicant presented no credible evidence that he rejected the plea because of bad legal advice should be scrutinized. Applicant has raised the issue on his habeas, where he's fought and argued the reasons why he rejected the offer,and the fact that he would have accepted had he known the applicable law. Applicant has also submitted two Sworn Affidavit's

(Exhibit's#10,11) from close family members who helped and advised Applicant throughout the entire process. Both members are non-felons;assets to their communities,and hard working citizens. After consulting with both family members,it was decided,due to the plea offer being an aggravated charge and sentence,per Mr. Walker,we would take the chance of going to trial even in a venue we didn't believe we could get a fair trial.

\* Justice Patterson's finding that Mr. Walker did not think Applicant would plea because he insisted he was innocent is another attempt to justify Mr. Walker misadvising Applicant that the plea offer was aggravated. Futhermore, Applicant had never claimed "innocence" and the trial record is proof of that. Applicant admitted to an altercation with Castillo at the doorway,which several witnesses testified to,including the investigating Officer, who spoke with Applicant the morning of the incident and told the jury that Applicant admitted to pushing Castillo,who fell; then fell again face first by his truck.

Applicant's fifth objection is to the Conclusions of Law rendered by Justice Patterson pertaining to Ground Two.

5) The "Trial Court" concluded that no reasonable probability exist,and Applicant has failed to prove he would have accepted the offer of twenty years for manslaughter and seven years stacked;and. Applicant has failed to prove counsel's advice fell below the range of competence demanded of attorney's in criminal cases.;and that Applicant has failed to prove that he was not properly advised regarding the applicable law. (Pg. 9 sec.V,#2)

\*\* Applicant has clearly established the fact,which far exceeds a "reasonable probability" that he would have accepted the State's offer had he been properly advised of the applicable law surrounding the State's plea for manslaughter, and only rejected it because Mr. Walker informed him that it was aggravated and would require him to serve half his sentence. Applicant clearly stated for the record that he would have accepted the offer had he been correctly advised,and listed several other reasons why. Mr. Walker, by his own admission, failed to understand and know the law in regards to the plea offer,denying Applicant his right to make an informed decision about whether to accept the offer. See, <u>Von Moltke v. Giles</u>, 68 S.Ct. 316,322(1948)

\*\* Mr. Walker admitted that he believed the charge and sentence to be aggravated due to it being a reduced charge from murder,and that he advised Applicant that he would not

be considered for parole until half his sentence was served, which is ten years. Mr. Walker failed to properly advise Applicant of the applicable law surrounding the State's offer. Clearly his "bad" advice fell below the range of competence demanded of attorney's in criminal cases.

** Walker admitted that he thought the offered plea was aggravated, therefore it's reasonable to assume that any legal advice he rendered would be based on that belief.

Applicant's sixth objection is in reference to both the findings and conclusions of law pertaining to Ground Five.

6) The "Trial Court" made a finding that Applicant testified that he did not hit Mr. Castillo, and that Mr. Walker did not request a jury instruction for a lesser-included offense of aggravated assualt and assualt causing bodily injury because it was inconsistant with Applicant's testimony at trial and defensive theoryand law of case.(Pg.5,sec.IV,#20,21)

* Justice Patterson's findings are factually UNTRUE. Applicant admitted to having an altercation with Castillo at the doorway,which several witnesses described for the jury.

* All parties;the Applicant,State witnesses,and the State acknowledged Applicant's involvement in an altercation with Castillo at the doorway;where Castillo was "pushed and fell",(per Applicant);or "slung by the arm and hit a pole or tree",(per Castillo);"pushed out the door"(per witnesses);and although the State's theory was Castillo had been "beaten"(per indictment),they clearly adopted the events at the doorway,per Castillo,by stating that, Castillo was brave enough to tell the Nurse what happened, and that he was grabbed and slung in to something,and thats what the evidence is."(Closing Arguments)

* Justice Patterson's determination concerning the defensive theory and case law is factually UNTRUE and inaccurate.

* Statue and Case Law support that a lesser-included offense be required where "there is some evidence in the record to permit a jury to find that if a defendant is guilty,he is guilty only of the lesser offense. Gray v. State, 298 S.W. 3d 644 (Tex.Crim.App. 2009)

* According to this Court in 2005, Hayward v. State, 158 S.W. 3d @479, "It is possible under the right set of circumstances for the statutory elements of assualt to be included within a murder because the two offenses could have the same culpable mental state and bodily injury can

be a subset of serious bodily injury."

* Mr. Walker was ineffective in not making a request for both assualt charges,as they were clearly raised by the evidence adduced at trial. Applicant's testimony along with several others supported the inclusion;and the statutory elements,indictment language and trial evidence constituted "the right set of circumstance" for the request.

** **Applicant's objection to Justice Patterson's Conclusions**

**of law pertaining to Ground Five.**

** Applicant's altercation at the doorway with Castillo has been explained to the jury from several different perspectives that all differ on the exact events that transpired.

** From each of the different versions,the jury could have concluded that Applicant was guilty of only one of the lesser offenses of assualt. An Allen Charge had to be administered to breach the jury's deadlock after being notified by the jury that they were unable to reach a verdict.

** The determination of exactly what Applicant was guilty of should have been decided by the jury. "It is irrelevant whether the evidence is weak or strong,contridicted or impeached. It is the jury's duty under the proper instruction to determine whether it supports the lesser-included offenses." Bell v. State, 693 S.W. 2d 434,442(Tex.Crim.App 1985).

** Texas Case Law supports the inclusion of both lesser-included offenses had they been properly requested. "Anything more than a scintilla of evidence is sufficient to entitle a defendant to a lesser charge." Hall v. State, 225 S.W. 3d 536(Tex.Crim.App. 2001) "The evidence need only establish that the lesser included offense as a valid rational alternative to the charged offense." Id.536

Applicant's seventh objection is based on the fact that Justice Patterson has neglected to properly address Applicant's Confrontational ground.

* The "Trial Court" made a finding that it's not Mr. Walker's practice to explain what specific objections he planned to make,but reviews general objections and possible trial court rulings regarding the admissibility of evidence with his clients.(Pg. 6 sec.IV,#23)

EX PARTE SADLER-OBJECTIONS                                    PAGE,8

\* Applicant acknowledges the fact that it's his word against Mr. Walker's, when it comes to Mr. Walker's informing Applicant that he would make an objection based on the lack of confrontation. However, Applicant's complaint is the fact that Mr. Walker failed to make the appropriate objection based on his rights of confrontation.

\* Justice Patterson has choosen NOT to directly address Applicant's complaint of the video and Mr. Walker's failure to preserve his rights of confrontation, even after she, and both attorney's watched the video prior to the hearing.

\* The video clearly violated every exception to the confrontation rule,and Mr. Walker should have made the proper objection; Mr. Walker's belief that the video wasn't a dying declaration should have influenced him to make the objection based on lack of confrontation.

Applicant's seventh objections are to the findings pertaining to Ground Seven.

7) The "Trial Court" made a finding that Applicant was aware that Ms. Blansit had made a report against him for domestic violence;and that Applicant failed to inform Mr. Walker.

\* Applicant was never questioned or arrested for the alleged assualt on Blansit,therefore it's understandable that he never knew of such an allegation as he's clearly stated.

\* Applicant informed Mr. Walker that he had no idea that Ms. Blansit had made the report;Mr. Walker's decision to suddenly accuse Applicant of knowing of the report all along is unwarranted and without merit.

\* Blansit was clearly distraught over her secret report that was now being used against Applicant,and even made the statement that they "were suppose to have gotten rid of that after 90days."

\* Regardless of what Mr. Walker may say now,it's still his job to make an independant investigation of the facts;and Applicant's ground is based on the fact that he opened the door and failed to request a limiting instruction with the court,thus,allowing the District Attorney to refer to the alleged assualt in his closing argument.

Applicant's eight objection concerns the findings to Ground Eight.

8) The "Trial Court" made a finding that Mr. walker reviewed the photographs of blood in Mr. Castilo's pick-up and camper prior to trial and believed that they supported the **defensive theory of the case.**

* Justice Patterson's findings here are UNTRUE, and unsupported by the trial record.

* The "defensive theory" of the case had nothing to do with the blood that was found in and around Castillo's truck, which the State witnesses, Byrd and Watley admitted to being involved in.

* Applicant admitted to having an altercation with Castillo which resulted in Castillo falling and rolling down a hill where he again moments later tripped and fell face first into the parking-lot.

* Both State witnesses admitted that they tried several ways of carrying Castillo, including using a blanket from the back of his truck, which they put back into the truck when finished.

* The blood found in the truck admittedely came from Byrd and Watley who used the camper for access.

* The five photographs had nothing to do with Applicant's defensive theory and should not have been admitted.

## CONCLUSION:

Applicant request this Court review the trial transcripts and the transcripts freom the evidentiary hearing before making a decision. Justice Patterson's findings are inaccurate in some areas, and untrue in others. Applicant request this Court not base its decision on her findings alone; and conduct its own review of the FACTS of the case, and grant him the relief he may be entitled.

Michael Sadler, Applicant
Coffield Unit #01474124
2661 Fm 2054
Tennessee Colony, Texas 75884