

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

NO. PD-0265-09

**VICKIE LASHUN TOLBERT, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FIFTH COURT OF APPEALS
DALLAS COUNTY**

HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, WOMACK, KEASLER and COCHRAN, JJ., joined. KELLER, P.J., filed a concurring opinion. KEASLER, J., filed a concurring opinion. JOHNSON, J., filed a dissenting opinion in which HOLCOMB, J., joined. HOLCOMB, J., filed a dissenting opinion in which JOHNSON, J., joined. PRICE, J., dissented.

## O P I N I O N

The issue presented in this case is whether the trial court was required to *sua sponte* instruct the jury on the lesser-included offense of murder in appellant's capital-murder prosecution. We decide that the trial court was not required to *sua sponte* provide this jury instruction.

Appellant was charged with capital murder (murder during the course of a robbery). The State presented evidence that supports a finding that appellant murdered the victim, whom appellant

knew, during the course of robbing him. The evidence could also support a finding that appellant did not decide to rob the victim until after she murdered him, which is not capital murder under Texas law. *See Ibanez v. State*, 749 S.W.2d 804, 807 (Tex.Cr.App. 1986) (a killing followed by unrelated taking of property is not capital murder).[1] Even though the parties had discussed several lesser-included offense scenarios such as murder and robbery during voir dire,[2] appellant's theory at trial was that the jury should acquit her of the charged capital-murder offense because "she didn't do it" and she was not guilty of anything. Appellant also pointed the finger at one of appellant's acquaintances as the one who murdered the victim. And appellant stated that she had "no objection" to the Court charging the jury only on capital murder even in the face of the State's request for "a lesser included and parties," which the trial court denied.

> [THE COURT]: The Court is going to go on the record for ascertaining whether there is any objection to the Court's charge in Cause F07-00762, styled the State of Texas versus Vickie Lashun Tolbert.
>
> [STATE]: The only thing, Your Honor, we were asking for is a lesser included and parties.
>
> [THE COURT]: The Court will overrule the State's request.

---

[1] The court of appeals decided that there is some evidence to support a finding that appellant is guilty only of murder because this evidence supports a finding that appellant did not decide to take the victim's property until after she murdered him. *See Tolbert v. State*, No. 05-07-00920-CR, slip op. at 8-9 (Tex.App.–Dallas, July 16, 2008) (not designated for publication); *see also Hall v. State*, 225 S.W.3d 524, 536 (Tex.Cr.App. 2007) (setting out two-part test for when a defendant is entitled to her requested lesser-included-offense instruction). We did not exercise our discretionary authority to review this decision. For purposes of this case, we will assume that there is some evidence that would support a finding that appellant is guilty only of murder.

[2] For example, the State explained during voir dire that appellant would be guilty only of murder if the jury did not believe beyond a reasonable doubt that appellant murdered the victim during a robbery or attempted robbery.

What says the defense?

[DEFENSE]: No objection.

During its deliberations, the jury sent out a note asking whether it should "consider lesser included charges" if it believed that the robbery "was an afterthought" and whether it made a difference "if the robbery was an afterthought to a crime of passion." The trial court responded that the jury had "all the law and the evidence in the case" and that it should "refer to the Court's Charge for the answers to your questions and continue your deliberations."[3] The jury convicted appellant of capital murder, and, with the State not having sought the death penalty, appellant was sentenced to life.

On direct appeal, appellant apparently rethought her "all or nothing" trial strategy and claimed that the trial court should have *sua sponte* instructed the jury on the lesser-included offense of murder. Appellant claimed that "the trial court erred in not submitting to the jury either before arguments on guilt innocence [sic] began, or when requested by a note from the jury during their deliberations, an instruction on the lesser included offense of murder." Appellant further claimed that the totality of the circumstances of this case required the trial court to *sua sponte* instruct the jury on the lesser-included offense of murder because "the jury panel was voir dired on the lesser included offense, testimony was presented by two of the witnesses which supported a potential verdict of the lesser included offense of murder, the State requested the lesser included offense charge, and the jury in a note to the court also requested instructions on the lesser included offense."

---

[3]
The record does not reflect that appellant objected to the trial court's response to this jury note or that appellant requested any additional jury instructions on the lesser-included offense of murder. Thus, the record appears to reflect that it was still appellant's strategy to go for an outright acquittal after the jury sent out the note.

The State responded that appellant's statement that she had "no objection" to the Court's charge estopped her from claiming that the trial court was required to *sua sponte* instruct the jury on the lesser-included offense of murder. The State alternatively claimed that no "egregious error" resulted from the trial court's failure to *sua sponte* instruct the jury on this lesser-included offense because appellant adopted "an all or nothing posture by putting the jury to the election of [convicting appellant] of capital murder or an acquittal." The State further argued that "the fact that the jury's verdict coupled with a jury note indicate Appellant's strategy backfired is . . . not the trial court's egregious error."

Based on this Court's decision in *Bluitt v. State*, the court of appeals decided that appellant stating that she had "no objection" to the Court's charge did not operate as an estoppel, but was the equivalent of a failure to object to the trial court's "error" in not *sua sponte* instructing the jury on the lesser-included offense of murder. *See Tolbert*, slip op. at 7-10.[4] The court of appeals reversed and remanded for further proceedings after finding that this unobjected-to jury charge "error" egregiously harmed appellant under this Court's decision in *Almanza v. State*.[5] *See Tolbert*, slip op. at 7-10. We granted review of the following ground in the State's petition for discretionary review:

> Criminal jury charges contain "law applicable to the case," and often "defensive issues." To obtain review on appeal, complaints involving "law applicable to the case" need not be preserved at trial but "defensive issues" must be preserved. Did the Fifth Court of Appeals wrongly hold that where a defendant states "no objection" to the proposed charge and then complains on appeal about the omission of a lesser-

---

[4]

*See Bluitt* v. State, 137 S.W.3d 51, 53 (Tex.Cr.App. 2004) (a defendant's statement of "no objection" to erroneous jury charge "shall be deemed equivalent to a failure to object" and the defendant "may raise such unobjected-to [jury] charge error on appeal, but may not obtain a reversal for such error unless it resulted in egregious harm").

[5]

686 S.W.2d 157, 171 (Tex.Cr.App. 1985) (op. on reh'g).

included offense instruction, the *Almanza* standard applies?

The court of appeals' opinion appears to assume that the trial court erred in not *sua sponte* instructing the jury on the lesser-included offense of murder and then addressed whether this jury-charge "error" egregiously harmed appellant under *Almanza* after rejecting the State's estoppel argument based on appellant's statement that she had "no objection" to the jury charge. This was error. Before applying *Almanza's* egregious-harm standard for unobjected-to jury charge error, the court of appeals should have first decided whether it was "error" for the trial court not to *sua sponte* instruct the jury on the lesser-included offense of murder. *See Posey v. State*, 966 S.W.2d 57, 61 (Tex.Cr.App. 1998) (*Almanza* does not apply unless the appellate court first finds error in the jury charge).

This requires a determination of whether a jury instruction on the lesser-included offense of murder was "applicable to the case." *See Posey*, 966 S.W.2d at 62 (trial court has statutory duty to *sua sponte* submit a charge setting forth the law "applicable to the case."). In *Posey*, this Court held that a trial court is not statutorily required to *sua sponte* instruct the jury on a mistake of fact "defensive issue" because a "defensive issue" is not "applicable to the case" unless the defendant timely requests the issue or objects to the omission of the issue in the jury charge. *See id*.[6]

The State argues on discretionary review that appellant should not be permitted to pursue a strategy, which in hindsight she may now regret, of "going for broke" in the trial court hoping that the jury would acquit her of capital murder and then, with that strategy having failed, successfully

---

[6]

Our decision in *Posey* was intended "to discourage parties from sandbagging or lying behind the log" and to discourage a defendant from retrying the case on appeal under a new defensive theory, effectively giving the defendant "two bites at the apple." *See Posey*, 966 S.W.2d at 63.

pursue a quite different strategy on appeal "with the trial court never having [had] the opportunity

to pass on the latter." The State argues in its brief:

> It is evident that Tolbert, after she learned the jury had sent out a note indicating an interest in lesser-included offenses, simply regretted her trial strategy in going for broke–in not joining the State in its request for lesser-included offenses and hoping the jury would not find capital murder proved and, thereby, acquit her.
>
> * * *
>
> But the way Tolbert would have the law, a defendant could have one strategy at trial that failed and then spring quite a different strategy on appeal, with the trial court never having the opportunity to pass on the latter, and still prevail. This is the forbidden "two bites at the apple." Such an opportunity would serve only to undermine the integrity of the "main event" of trial by encouraging improper gamesmanship–*i.e.*, sandbagging the prosecution and the trial court–so as to obtain a windfall on appeal.

(Footnote and citation to record omitted).

These considerations underscore our case-law stating that lesser-included instructions are like

defensive issues and that a trial court is not statutorily required to *sua sponte* instruct the jury on

lesser-included offenses because these issues "frequently depend upon trial strategy and tactics." *See*

*Delgado v. State*, 235 S.W.3d 244, 249-50 (Tex.Cr.App. 2007) ("The trial judge has an absolute *sua*

*sponte* duty to prepare a jury charge that accurately sets out the law applicable to the specific offense

charged. But it does not inevitably follow that he has a similar *sua sponte* duty to instruct the jury

on all potential defensive issues, lesser included offenses, or evidentiary issues. These are issues that

frequently depend upon trial strategy and tactics.") (footnote omitted); *Posey*, 966 S.W.2d at 62

("defensive issue" is not "applicable to the case" unless the defendant "timely requests the issue or

objects to the omission of the issue in the jury charge"); *Druery v. State*, 225 S.W.3d 491, 512-13

(Tex.Cr.App. 2007) (Keller, P.J., concurring) ("a lesser-included offense instruction is a kind of

defensive issue" citing *Bufkin v. State*, 207 S.W.3d 779, 782 n.10 (Tex.Cr.App. 2006), which cited

*Campbell v. State*, 614 S.W.2d 443, 445-46 (Tex.Cr.App. 1981)).[7] In *Delgado*, we quoted with approval the following excerpt from the Dix and Dawson treatise on Criminal Practice and Procedure:

> Because of the strategic nature of the decision, it is appropriate for the trial court to defer to the implied strategic decisions of the parties by refraining from submitting lesser offense instructions without a party's request. It is clear that the defense may not claim error successfully on appeal due to the omission of a lesser included offense if the defense refrained from requesting one. Likewise, any error in the improper submission of a lesser included instruction is waived if the defense fails to object to the instruction.[8]

We, therefore, decide that the trial court had no duty to *sua sponte* instruct the jury on the lesser-included offense of murder and that a jury instruction on this lesser-included offense was not "applicable to the case" absent a request by the defense for its inclusion in the jury charge. That the State in this case unsuccessfully requested "a lesser included" did not make a lesser-included offense instruction on murder "applicable to the case." The trial court denied the State's request, and appellant failed to also make her desire for such an instruction known to the trial court.[9] This was

---

[7] This case presents the question whether the trial court was *required* to *sua sponte* instruct the jury on the lesser-included offense of murder. This case does not present the question and does not require us to decide whether the trial court in its discretion *may* have provided this instruction. *See generally Grey v. State*, 298 S.W.3d 644, 652 (Tex.Cr.App. 2009) (Hervey, J., concurring); *Grey*, 298 S.W.3d at 652-58 (Cochran, J., concurring) (discussing "when a trial court *must* grant a request by either the defense or State for a lesser-included instruction and when it *may* include such an instruction, with or without a request") (emphasis in original).

[8] *See* 43 GEORGE E. DIX & ROBERT O. DAWSON, CRIMINAL PRACTICE AND PROCEDURE § 36.50 at 202 (Supp. 2006).

[9] We believe that, under these circumstances, appellant cannot rely on the State's request for "a lesser included" to make an instruction on the lesser-included offense of murder "applicable to the case." *Compare Woerner v. State*, 576 S.W.2d 85, 86 (Tex.Cr.App. 1979) (defendant preserved error in State's jury argument by, in effect, expressly adopting the co-defendant's objection to the argument). On this record, the State's request for "a lesser included" does not remove this case from

consistent with appellant's "all or nothing" strategy of going for an outright acquittal. That this strategy proved unsuccessful does not make a lesser-included-offense instruction on murder "applicable to the case" requiring a decision that the trial court was required to *sua sponte* provide this instruction that the record clearly reflects appellant did not want.[10] *See Haynes v. State*, 273 S.W.3d 183, 191 (Tex.Cr.App. 2008) (Johnson, J., concurring) ("Regardless of which side chooses to 'go for broke,' it may be a valid strategic choice from which neither side should be rescued."). Therefore, there was no jury-charge "error" to which *Almanza's* egregious harm analysis would apply. *See Posey*, 966 S.W.2d at 61 (*Almanza* does not apply unless the appellate court first finds

---

the general rule that appellant was required to request an instruction on murder or object to its omission in the jury charge in order to make a jury instruction on that offense "applicable to the case," requiring the trial court to provide this instruction. *See Delgado*, 235 S.W.3d at 249-50; *Posey*, 966 S.W.2d at 62. We believe that the record clearly reflects that appellant had no desire for a jury instruction on the lesser-included offense of murder. This was her call to make as a matter of trial strategy and tactics. *See Delgado*, 235 S.W.3d at 249 (whether to request lesser-included-offense instructions "frequently depend on trial strategy and tactics"); *Posey*, 966 S.W.2d at 63 (strategic decisions and decisions as to the defensive theory of a case are generally left to the lawyer and the client).

[10] In *Grey*, 298 S.W.3d at 654-55, Judge Cochran wrote in her concurring opinion:

But sometimes neither the State nor the defense request an instruction on a lesser-included offense even though the law and the evidence would clearly support one. Each party may invoke an "all or nothing" strategy that permits it to forego instructions on a lesser-included offense, in effect forcing the jury to choose between conviction of the greater offense or outright acquittal.

Under this "gambling" or "party autonomy" rationale, the participants may gamble, but they do so at their own peril. If the defense and prosecution do not request an instruction on a lesser-included offense, they have waived their right to complain on appeal that the judge was required to give one. And, because this "all or nothing" model is a valid trial strategy, defense counsel is not ineffective for declining to request a lesser-included-offense instruction.

*Id*. (footnotes omitted).

error in the jury charge).

It has been suggested that we should rescue appellant from her unsuccessful "all or nothing" trial strategy by deciding that a jury instruction on the lesser-included offense of murder became "applicable to the case" when the State unsuccessfully requested "a lesser included." According to this argument, and with the assumption we have made that there is some evidence that would support a finding that appellant is guilty only of murder, the trial court was obligated to grant the State's request for "a lesser included" thus making a jury instruction on the lesser-included offense of murder "applicable to the case." This argument essentially is that appellant may rely on the State's unsuccessful request for "a lesser included" to make the lesser-included offense of murder "applicable to the case" for all purposes even though the record clearly reflects that appellant did not want this instruction (at least until the jury convicted her of capital murder).[11]

We reject this argument. The issue in this case is not whether the trial court should have granted the State's request for "a lesser included." The issue in this case is whether the trial court had a duty to *sua sponte* include this instruction in the jury charge. The State's unsuccessful request for "a lesser included" has no bearing on this question.

---

[11]

We further note that, had the trial court submitted a lesser-included-offense instruction on murder and had the jury convicted appellant of that offense, appellant could complain on appeal that the trial court should not have submitted this jury instruction given appellant's "all or nothing" trial strategy. It, therefore, appears that appellant could complain on appeal no matter what the trial court did unless, of course, appellant's "all or nothing" strategy resulted in the jury acquitting her of the greater offense. Our decision in *Posey* was meant to discourage this type of gamesmanship by requiring a party to request inclusion of defensive-type issues in the jury charge before that party may complain on appeal about their absence in the charge. *See Posey*, 966 S.W.2d at 63 (decision intended "to discourage parties from sandbagging and lying behind the log" and to discourage a defendant from retrying the case on appeal under a new defensive theory, effectively giving the defendant "two bites at the apple").

We further note that a State's unsuccessful request for a lesser-included-offense instruction generally could not become "applicable to the case" unless an appellate court decides that the evidence is insufficient to support the conviction on the greater offense (which has not occurred in this case). Then the State's unsuccessful request for a lesser-included-offense instruction could become "applicable to the case," not for determining whether the trial court should have *sua sponte* submitted this instruction, but for determining whether the trial court's judgment can be reformed to reflect a conviction for any requested lesser-included offenses that the evidence supports. *See Haynes*, 273 S.W.3d at 187 (appellate court cannot reform trial court's judgment to reflect conviction for unrequested lesser-included offense that was not submitted in jury charge); *Collier v. State*, 999 S.W.2d 779, 782-83 (Tex.Cr.App. 1999) (same).[12]

We further note that our decision in *Stephens v. State*, also relying on the overreaching-by-the-State rationale, did not permit the State to rely on a defendant's unsuccessful request for a lesser-

---

[12] We note that our decision in *Haynes* left open the question whether an appellate court may reform a judgment to reflect a conviction for a lesser-included offense when "one of the parties asked for but was denied" this lesser-included-offense instruction. We further note that accepting the argument that appellant can rely on the State's unsuccessful request for "a lesser included" to make it "applicable to [this] case" would support a decision that the State could rely on a defendant's unsuccessful request for a lesser-included-offense instruction to permit reformation when the State "goes for broke" and an appellate court decides that the evidence is insufficient to support a conviction for the greater offense. This arguably would be inconsistent with the overreaching-by-the-State rationale in *Haynes* and *Collier*. *See Haynes*, 273 S.W.3d at 185-86 ("Judge Mansfield's lead opinion in *Collier* was based in large part on the rationale that in cases like this the State 'overreaches' or 'goes for broke' by pursuing a trial strategy of not requesting a lesser-included[-]offense instruction to make it more likely it will obtain a conviction for the greater offense that the evidence might only 'weakly' support. According to this opinion, if the jury then convicts the defendant of the greater offense, but an appellate court later decides that the evidence is insufficient to support one of its elements, permitting the appellate court to reform the judgment to reflect a conviction for a supported-by-the-evidence lesser-included offense would 'rescue [the State] from a trial strategy that went awry.'") (footnote and citation to authority omitted).

included-offense instruction on murder in rejecting the State's claim that double-jeopardy principles did not prevent it from prosecuting the defendant for murder after an appellate court had decided that the evidence was insufficient to support the aggravating element of the defendant's conviction for capital murder. *See Stephens v. State*, 806 S.W.2d 812, 817-18 (Tex.Cr.App. 1990) (rejecting State's claim that "since it did not oppose [the defendant's] request for a lesser included offense instruction, that it should not be penalized for the trial court's failure to include the lesser offense in the charge to the jury"); *see also Granger v. State*, 850 S.W.2d 513, 519-20 (Tex.Cr.App. 1993) (distinguishing *Stephens* on basis that this Court in *Stephens* was "careful to point out repeatedly . . . that at the original trial, the State had chosen not to request an instruction on the lesser included offense of rape. *In other words, the State had, at the first trial, failed to pursue the lesser included offense charge after jeopardy had attached to it and was, therefore, forever barred from prosecuting it again*.") (emphasis in original). In *Stephens*, the State was not permitted to rely on the defendant's unsuccessful request for a lesser-included-offense instruction to make this instruction "applicable to the case."

The judgment of the court of appeals is reversed, and the case is remanded there for further proceedings not inconsistent with this opinion.

Hervey, J.

Delivered: March 17, 2010
Publish