COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|                        |     |                            |
|------------------------|-----|----------------------------|
| OSCAR QUINTANILLA,     | §   | No. 08-07-00220-CR         |
|                        | §   |                            |
| Appellant,             | §   | Appeal from the            |
|                        | §   |                            |
| V.                     | §   | 409th Judicial District Court |
|                        | §   |                            |
| THE STATE OF TEXAS,    | §   | of El Paso County, Texas   |
|                        | §   |                            |
| Appellee.              | §   | (TC# 20030D04179)          |
|                        | §   |                            |
|                        | §   |                            |

**O P I N I O N**

This case is before the Court on remand, so that we may reconsider our prior opinion in light of the Texas Court of Criminal Appeals' decision in *Grey v. State*, 298 S.W.3d 644 (Tex.Crim.App. 2009).[1] Oscar Quintanilla was indicted and tried for the offense of sexual assault of a child. Following presentation of the evidence, the State requested that the trial court include an instruction for the lesser-included offense of attempted sexual assault of a child in its instructions to the jury. Defense counsel's objection to the lesser-included instruction was overruled. The jury convicted Appellant of the lesser-included offense. Appellant raised a single issue on appeal challenging the trial court's decision to instruct the jury on the lesser-included offense of attempted sexual assault of a child.

---

[1] A full recitation of the facts and evidence presented in the case appears at, *Quintanilla v. State*, No. 08-07-00220-CR, 2009 WL 475790, at *1 (Tex.App.--El Paso Feb. 26, 2009, pet. granted)(not designated for publication).

In our original opinion, this Court reversed and remanded the case for new trial, holding that the State was not entitled to the submission of a lesser-included offense because there was no evidence that Appellant was guilty only of the attempted offense. *See Quintanilla v. State*, No. 08-07-00220-CR, 2009 WL 475790, at \*4 (Tex.App.--El Paso Feb. 26, 2009, pet. granted)(not designated for publication). The Court of Criminal Appeals granted the State's petition for discretionary review, and in a *per curiam* opinion, vacated this Court's judgment and remanded the case so that we could reconsider the issue in light of its opinion in *Grey v. State*. *See Quintanilla v. State*, No. PD-0840-09, 2010 WL 456873, at \*1 (Tex.Crim.App. Feb. 10, 2010) (per curiam)(not designated for publication). In light of the Court's opinion in *Grey*, we MUST affirm the trial court's judgment of conviction for attempted sexual assault.

Prior to *Grey*, in a case such as this one, a trial court's decision to included a lesser-included offense instruction in the jury charge at the State's request, was subject to a two part inquiry:  (1) is the lesser-included offense included within the proof necessary to establish the offense charged; and (2) is there some evidence in the record that would permit a jury to rationally determine that if the defendant is guilty, he is guilty only of the lesser offense. *Avila v. State*, 954 S.W.2d 830, 842 (Tex.App.--El Paso 1997, pet. ref'd); *see also Arevalo v. State*, 943 S.W.2d 887, 889-90 (Tex.Crim.App. 1997)(applying the second prong of the *Roussea-Aguilar-Royster* test to State's request for a lesser-included offense instruction), *overruled by Grey*, 298 S.W.3d at 651.

Appellant's argument, both in his original brief to this Court, and in supplemental briefing on remand, focuses exclusively on the second prong of the pre-*Grey* analysis. He contends that there was no evidence upon which the jury could have found him guilty only of the

lesser offense. The Court of Criminal Appeals' decision in *Grey* abrogated the common law rule requiring the State to meet the second prong of the *Rousseau* test. *Grey*, 298 S.W.3d at 651. Therefore, under *Grey*, the State is entitled to have a lesser-included offense instruction included in the jury charge solely on the basis that proof of the lesser offense is included within the proof necessary to establish the offense charged. *See Grey*, 298 S.W.3d at 645. As there is no dispute between the parties that attempted sexual assault of a child is a lesser-included offense of sexual assault of a child, the trial court did not err by granting the State's request to included the lesser-included offense instruction in the jury charge. Appellant's sole issue is overruled.

We affirm the trial court's judgment.


March 9, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)

-3-