

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-95,426-01

### EX PARTE RICHARD LEE HOOPER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1487418-A IN THE 184TH DISTRICT COURT FROM HARRIS COUNTY

KELLER, P.J., filed a dissenting opinion in which YEARY, KEEL, and SLAUGHTER, JJ., joined.

### DISSENTING OPINION

Applicant claims his guilty plea was involuntary because he was unaware of a lab report that showed he possessed less of the controlled substance than he was charged with. So, instead of being guilty of a second-degree felony carrying a 2-20 year range of punishment, he was guilty of a third-degree felony with a 2-10 year range of punishment. Nevertheless, Applicant wants his entire plea undone, so that he can attack other convictions affected by this prior conviction. But Applicant waited nearly 8 years to raise his claim and has long since discharged his 3 year sentence. Undoing his plea now would give him an undeserved windfall, and that remedy should be barred by laches. We should simply reform his judgment to reflect a conviction for a third-degree felony.

## I. BACKGROUND

In exchange for a sentence of three years, Applicant pled guilty to possession of between 4 and 200 grams of methamphetamine. Unbeknownst to the parties, the day before the plea, a report on the testing of the substance had been issued that indicated that the substance weighed around 2 grams. The trial judge accepted the plea agreement and sentenced Applicant on January 28, 2016. Applicant did not appeal the conviction. On July 1, 2022, the district attorney's office discovered the report and sent notice to Applicant. On November 15, 2023, Applicant filed this habeas application. In an unsworn declaration in support of his application, Applicant says, "In subsequent charges, cause numbers 1750465 and 1780248, this conviction was listed in the indictment as an enhancement and was a contributing factor to my decision to plea[d] guilty in those cases."

## II. ANALYSIS

"To determine whether [habeas] equitable relief should be granted then, it behooves a court to determine whether an applicant has slept on his rights and, if he has, whether it is fair and just to grant him the relief he seeks."[1] And because the common-law approach to laches is "flexible,"[2] there should be occasions when sleeping on one's rights affects the type of relief available, even if there are weighty reasons for granting some sort of relief. This case is just such an occasion.

Applicant offers no explanation for why he didn't seek and obtain the report earlier. He knew the police had possession of his drugs. Any time after his judgment, he could have inquired about whether the drugs were tested and whether there was a report, and if he had done so, the report would likely have been found then. Depending on how quickly he made his inquiries, he could have

---

[1] *Ex parte Smith*, 444 S.W.3d 661, 666 (Tex. Crim. App. 2014).

[2] *Ex parte Perez*, 398 S.W.3d 206, 215 (Tex. Crim. App. 2013).

filed a habeas application well before his sentence was complete. It is unclear to me that he would prevail, since three years is on the low end of even the third-degree punishment range and it seems at least questionable that he could have shown he would not have accepted such a sentence.[3] But if he had raised this claim and made the requisite showing before his sentence had expired, then obtaining a new trial would have (1) at least given him a chance at a lesser sentence and (2) resulted in a conviction that could be used in connection with the two crimes he later committed.

Now, neither of those two options is possible if we overturn his plea. Applicant has served his sentence. Overturning his plea cannot result in him being incarcerated for less time on this offense.[4] And overturning his plea would, presumably, make the convictions unavailable as enhancements on his later two offenses, though it is unclear on this record whether that would ultimately affect those later cases. But Applicant's claim that those cases were affected suggests

---

[3] In his unsworn declaration, Applicant claims he would not have pled guilty but would have gone to trial because the State would not be able to prove he possessed the second-degree felony amount. But if the parties had had the report, the State's offer would have been for the third-degree offense, and three years was still on the lower end of the punishment range. Even if the case went to trial, it seems clear that when the State learned of the test results, it would have requested and received submission of the third-degree offense as a lesser included offense. *See Grey v. State*, 298 S.W.3d 644, (Tex. Crim. App. 2009) (State has an absolute right to obtain submission of a lesser-included offense.). It would not have been irrational for a habeas court to conclude that Applicant would not risk a 10 year sentence. Of course, it is possible that a habeas court would conclude that Applicant would risk it anyway or that it would conclude that the State would offer something less—such as a 2 year sentence. The habeas court here concluded that, "Had Applicant known about the lab report and its legal implications, he would not have pleaded guilty to possession of 4 to 200 grams of methamphetamine and instead would have insisted on going to trial." But these findings do not discuss the full implications of such a plea—that the State is guaranteed to get the lesser-included third-degree felony and that Applicant would risk a 10 year punishment going to trial. If Applicant had brought this case much sooner, a remand might have been appropriate to ensure that the habeas court considered all relevant information.

[4] It could, however, result in a greater period of incarceration. It is possible for his sentence to more than triple.

that, if he obtains the relief he seeks here, he will file further applications to attack those convictions. Calling his later two cases into question would be a windfall to which Applicant is not entitled, and it would prejudice the State in one of two ways: (1) if Applicant succeeds, by frustrating the State's interest in having a usable prior felony conviction that Applicant committed and effectively pled guilty to, or (2) if Applicant's claim is denied, by forcing the State to expend resources responding to his newly available claims. Because Applicant does not have a substantial interest that could be vindicated by a new trial and because the State is prejudiced if he obtains that form of relief, I would hold that laches bars Applicant from obtaining a new trial in this case.

Applicant does have a right not to be convicted of an offense that the evidence shows he is not guilty of. That right can be vindicated by reforming the judgment to reflect conviction for a third-degree felony rather than a second-degree felony. That remedy creates no prejudice to the State and so is not barred by laches.

I would reform the judgment to reflect that Applicant was convicted of a third-degree felony instead of a second-degree felony. Because the Court grants Applicant a new trial when laches should bar that relief, I respectfully dissent.

Filed: March 6, 2024
Publish