

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-22-00525-CR

Jose Alfonso **JIMENEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 8736
Honorable Kirsten Cohoon, Judge Presiding

Opinion by:     Lori I. Valenzuela, Justice

Sitting:        Beth Watkins, Justice
                Liza A. Rodriguez, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: March 6, 2024

AFFIRMED

A jury convicted Jose Alfonso Jimenez of indecency with a child-contact. On appeal, Jimenez asserts four issues: (1) jury charge error in failing to limit the definition of "intentionally" to nature of the conduct; (2) jury charge error in failing to limit the definition of "knowingly" to nature of the conduct; (3) error by submitting a lesser-included offense of indecency with a child; and (4) insufficiency of the evidence to convict on the lesser-included offense. We affirm.

## BACKGROUND

On February 8, 2022, Jimenez was indicted for continuous sexual abuse of two children, A.J. and B.O.,[1] younger than fourteen years of age. Jimenez's acts—namely, touching the children's genitals—were alleged to have occurred between August 1, 2012 and August 7, 2016. Jimenez pled not guilty, and a four-day jury trial commenced on July 25, 2022. On July 27, 2022, the jury found Jimenez guilty of the lesser offense of indecency with a child against B.O, and on July 28, 2022, the jury assessed punishment at seventeen years' confinement and imposed a $10,000 fine. This appeal followed.

## UNPRESERVED JURY CHARGE ERROR

In his first two issues, Jimenez asserts the trial court erroneously failed to limit the definitions of "intentionally" and "knowingly" to the nature of the conduct at issue when it charged the jury.

### Standard of Review

Our review begins with a determination of whether error exists in the charge and, if so, whether sufficient harm resulted from the error to compel reversal. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). The degree of harm necessary for reversal depends on whether the defendant preserved the error by objection. *Id.* Where, as here, the defendant did not object to the complained-over issue in the charge, we will not reverse for jury charge error unless the record shows "egregious harm" to the defendant. *Id.*

"Egregious harm" results from error affecting the very basis of the case, depriving the defendant of a valuable right, or vitally affecting a defensive theory. *Olivas v. State*, 202 S.W.3d 137, 144 (Tex. Crim. App. 2006). "Reversal is not required unless the error is so egregious that

---

[1] Because the complainants were minors at the time of the alleged offenses, we use initials to protect their privacy.

the defendant was denied a fair and impartial trial." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).

### *Applicable Law and Analysis*

Jimenez argues "the definitions of intentional[ly] and knowingly should have been limited to the nature of conduct as applicable to the indecency with a child statute." According to Jimenez, the trial court improperly instructed the jury with respect to the definitions of intentionally and knowingly. He asserts the definitions apply to result of conduct offenses and not nature of conduct offenses, and indecency with a child is a nature of conduct offense. In the abstract portion of the jury charge, the trial court instructed:

> A person acts "intentionally", or with intent, with respect to a result of his conduct when it is his conscious objective or desire to cause the result.
>
> A person acts "knowingly", or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

According to Jimenez, these definitions caused egregious harm because the definitions did not correctly describe his culpable mental state—Jimenez's alleged intent to arouse or gratify his sexual desire—thereby lessening the State's burden of proof. Without admitting error, the State argues the record does not reveal egregious harm to Jimenez, emphasizing that the only issue in contention with respect to the convicted offense was B.O.'s credibility, not Jimenez's intent.

B.O. testified as follows: Jimenez is A.J.'s (her older sister) father, and she is unrelated to him. When B.O. was five years old, she attended a birthday party at Jimenez's house with A.J. During the party, Jimenez led her by the hand to his room, where the two were alone. Jimenez offered her a toy Rubik's cube in exchange for letting him touch her a certain number of times. After the two agreed on the number of allowed touches, Jimenez unbuttoned her pants, unzipped

her zipper, pulled down her underwear, and touched her vagina with his hand. After Jimenez touched B.O. the agreed-upon number of times, he stopped and gave B.O. the Rubik's cube.

According to the State, B.O.'s testimony is sufficient to establish the requisite intent; that is, the jury could have reasonably inferred Jimenez's specific intent to arouse or gratify his sexual desire. *See McKenzie v. State*, 617 S.W.2d 211, 216 (Tex. Crim. App. 1981). The State also points out that there was no evidence suggesting Jimenez did not act with the intent to arouse or gratify his sexual desire—his defense at trial was that the incident did not occur. The jury is the sole judge of B.O.'s credibility, and the jury is entitled to believe or disbelieve B.O.'s testimony. *Jones v. State*, 984 S.W.2d 254, 258 (Tex. Crim. App. 1998) (en banc). We agree with the State that if the jury believed B.O.'s testimony, it could have rationally inferred Jimenez's specific intent to arouse or gratify his sexual desire.

Moreover, in examining the charge for possible error, we "must examine the charge as a whole instead of a series of isolated and unrelated statements." *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012). The application paragraph is that portion of the jury charge that applies the pertinent penal law, abstract definitions, and general legal principles to the particular facts and the indictment allegations. *Id.* Because that paragraph specifies the factual circumstances under which the jury should convict or acquit, it is the "heart and soul" of the jury charge. *Id.* at 367.

Jimenez complains over the definitions provided in the abstract portion of the charge; however, the application paragraphs correctly recite the specific intent required to find Jimenez guilty of the lesser offense:

> [I]f you find from the evidence beyond a reasonable doubt that on or about the about the [sic] 1st day of August, 2012 through the 7th day of August, 2016, in Kendall County, Texas, the Defendant, Jose Jimenez, did then and there, intentionally or knowingly engage in sexual contact with B.O., a person younger than seventeen (17)

years of age, by touching the genitals of B.O., **_with the intent to arouse or gratify the sexual desire of the Defendant_**, then you will find the Defendant Guilty of the lesser offense of Indecency with a Child by Contact. [Emphasis added.]

Notwithstanding the definitions provided in the abstract portion of the charge, the "application section of the charge clearly directed the jury to the appropriate" elements of the offense. *Campbell v. State*, 664 S.W.3d 240, 248 (Tex. Crim. App. 2022).

Reviewing the record and the charge as a whole, we cannot say that Jimenez was egregiously harmed by the definitions of "intentionally" and "knowingly" in the abstract portion of the charge. *Cf. Turner v. State*, 573 S.W.3d 455, 463 (Tex. App.—Amarillo 2019, no pet.) ("In the context of the entirety of the jury charge, the erroneous wording of the application paragraph is not so outrageous as to be considered egregious in and of itself."). We accordingly overrule Jimenez's first and second issues.

### INCLUSION OF LESSER-INCLUDED OFFENSE IN JURY CHARGE

In his third issue, Jimenez asserts the trial court erroneously charged the jury with the lesser-included offense of indecency with a child.

### Standard of Review

Our review begins with a determination of whether error exists in the charge and, if so, whether sufficient harm resulted from the error to compel reversal. *Ngo*, 175 S.W.3d at 743.

### Applicable Law and Analysis

The parties do not dispute that indecency with a child is a lesser-included offense of continuous sexual abuse of a child. Jimenez nevertheless complains the offense should not have been instructed "because the record does not contain some evidence permitting a jury rationally to find that if [Jimenez] was guilty, he was guilty only of the lesser-included offense of Indecency with a Child involving B.O."

Jimenez's argument is a restatement of the second prong of the *Royster-Rousseau* test for determining when a trial judge should submit to the jury a lesser-included offense. *Grey v. State*, 298 S.W.3d 644, 645 (Tex. Crim. App. 2009). In *Rousseau*, the Court of Criminal Appeals articulated the two-prong test "to be met before a jury charge on a lesser included offense must be given: first, the lesser included offense must be included within the proof necessary to establish the offense charged, and second, some evidence must exist in the record that if the defendant is guilty, he is guilty only of the lesser offense." *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993).

In *Grey*, the Court of Criminal Appeals expressly overruled authority requiring the State to prove the second prong when requesting a trial court to instruct on a lesser-included offense. 298 S.W.3d at 645 (overruling *Arevalo v. State*, 943 S.W.2d 887 (Tex. Crim. App. 1997)). Therefore, the State need only show the offense is, in fact, a lesser-included offense. *See Royster v. State*, 622 S.W.2d 442, 446 (Tex. Crim. App. 1981) (setting forth two-prong test); *Grey*, 298 S.W.3d at 645 (holding "the State is not bound by the second prong of the *Royster-Rousseau* test").

Here, the State requested the lesser-included-offense instruction, and it is undisputed that indecency with a child is a lesser-included offense of continuous sexual abuse of a child. Therefore, the trial court did not err in charging the lesser-included offense. Having found no error, we need not address harm. *See Ngo*, 175 S.W.3d at 738; TEX. R. APP. P. 47.1. We overrule Jimenez's third issue.

### SUFFICIENCY OF THE EVIDENCE

In his fourth issue, Jimenez asserts the evidence is insufficient to sustain a guilty verdict.

### Standard of Review

In a sufficiency claim, our role is "restricted to guarding against the rare occurrence when a factfinder does not act rationally." *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009).

We assess the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). The essential elements of the offense are defined by the hypothetically correct jury charge for the case. *Ramos v. State*, 407 S.W.3d 265, 269 (Tex. Crim. App. 2013). Conflicting inferences are resolved in favor of the verdict. *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). Direct and circumstantial evidence are treated equally, and circumstantial evidence alone can be sufficient to establish guilt. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

### *Applicable Law*

As applicable here, a person commits the offense of indecency with a child by contact if, with a child younger than 17 years of age, the person engages in sexual contact with the child. TEX. PENAL CODE § 21.11(a)(1). As applicable here, "sexual contact" means any touching by a person, including touching through clothing, of the genitals of a child if committed with the intent to arouse or gratify the sexual desire of any person. *Id.* § 21.11(c)(1).

### *Analysis*

As discussed above, B.O. testified as follows: When B.O. was five years old, she attended a birthday party at Jimenez's house with A.J. During the party, Jimenez led her by the hand to his room, where the two were alone. Jimenez offered her a toy Rubik's cube in exchange for letting him touch her a certain number of times. After the two agreed on the number of allowed touches, Jimenez unbuttoned her pants, unzipped her zipper, pulled down her underwear, and touched her vagina with his hand. After Jimenez touched B.O. the agreed-upon number of times, he stopped and gave B.O. the Rubik's cube.

However, Jimenez points out B.O. also testified that she recalls going to Jimenez's house before that. He further directs us to conflicting testimony by B.O.'s mother that B.O. never went to Jimenez's house other than that one time. Jimenez's sister also testified that B.O. never attended another party at Jimenez's house. Jimenez introduced into evidence two photographs sponsored by Jimenez's sister allegedly showing B.O. after holding a party bag in which a Rubik's cube is neither visible in B.O.'s hand or through the transparent bag.

According to Jimenez, a rational jury could not have found the essential elements of the crime given her testimony was controverted by other witnesses and photographic evidence. However, the jury is the exclusive judge of the facts, the credibility of the witnesses, and the weight to be given the evidence. *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000). Reconciliation of conflicts in the evidence is within the exclusive province of the jury. *Id.* Jimenez asks us to do what we may not: usurp the jury's exclusive role by substituting our own judgment for that of the jury. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). Our duty is instead to ensure the evidence presented supports the jury's verdict. *Id.*

Here, the jury could have believed B.O.'s testimony; disbelieved other witnesses' testimony; and not credited Jimenez's arguments regarding the photographs provided by Jimenez's sister. Assessing the evidence in the light most favorable to the verdict, we conclude a rational jury could have found the essential elements of indecency with a child by contact beyond a reasonable doubt. *See Evans*, 202 S.W.3d at 161. We overrule Jimenez's fourth issue.

## CONCLUSION

Having overruled Jimenez's issues, the judgment of the trial court is affirmed.

Lori I. Valenzuela, Justice

DO NOT PUBLISH